Hillsborough,
No. 4935.

GEORGE LAVOIE *v.* ALBERT A. BOURQUE.

Argued June 6, 1961.

Decided June 30, 1961.

*J. Morton Rosenblum* (by brief and orally), for the plaintiff.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Robert F. Mc-Ginnis* (*Mr. McGinnis* orally), for the defendant.

DUNCAN, J. By statute it is provided: "The defendant may be permitted to enter an appearance after a default, at the discretion of the court or justice, upon the payment of reasonable costs." RSA 514:2. Rule 8 of the Superior Court provides in part that "if the defendant shall neglect to enter an appearance within seven days after the return day . . . he shall be defaulted, and judgment shall be rendered accordingly; and no such default shall be stricken off, except by agreement, or by order of the court upon notice and affidavit of defense." 99 N. H. 608. See also, Rule 45, 99 N. H. 614. In reviewing the record in this case we take it for granted, since the defendant's counsel was a partner in an established trial firm that he was fully aware that service of a trustee writ signals commencement of an action in which an appearance must be seasonably entered if default under Rule 8 is to be avoided.

The defendant's motion was addressed to the discretion of the Trial Court, which in instances such as this will ordinarily be exercised with sound liberality, in view of the recognized policy that litigated cases should generally be decided upon their merits. *Tozer* v. *Krause Milling Co.*, 189 F. 2d 242 (3d Cir. 1951); *Alopari* v. *O'Leary*, 154 F. Supp. 78 (D.C.E.D. Pa. 1957). See *Bank* v. *Webster*, 48 N. H. 21. As in other instances where discretion is exercised, the action of the Trial Court will not be set aside upon review except for abuse. *Shea* v. *Starr*, 76 N. H. 538; *Woodsville Fire District* v. *Cray*, 88 N. H. 264, 266; *Sullivan* v. *Bank*, 99 N. H. 262.

To support his contention that discretion was abused, the plaintiff relies upon the absence of strict compliance with the statute and rules of court, and upon the desirability of encouraging promptness on the part of litigants.

The record of the hearing would warrant a finding that the plaintiff's demand had been the subject of discussion and negotiation between the parties, both before and after the suit was instituted. While it appeared that the clerk had notified plaintiff's counsel of the default in the month in which it occurred, there was nothing to indicate that the defendant was aware of it until January, when he received notice that damages were to be assessed. The record as a whole warranted the Trial Court in concluding that despite laxity on the part of the defendant or his attorney, the plaintiff would obtain unconscionable advantage unless the default were stricken. The plaintiff's attachment remained unimpaired, and there was no evidence of prejudice to him in consequence of the passage of time.

While strict enforcement of the rule requiring an affidavit of defense might have disclosed the nature of the defense with greater particularity, its general nature was apparent at the hearing. In these circumstances waiver of the requirement of an affidavit, which counsel expressed a willingness to file, and the granting of leave to appear was not abuse of discretion.

However the statutory provision authorizing appearance after default "upon the payment of reasonable costs" was disregarded. As used by the statute "costs" is understood to refer to taxable costs. Permission to appear is "at the discretion of the court," but the "payment of reasonable costs" is not. RSA 514:2, *supra.* Imposition of costs as a condition precedent is required by the statute if leave is granted, and constitutes a minimum condition upon which relief may be afforded. The plaintiff was entitled to "reasonable costs" as a matter of right and without regard to the eventual outcome of the litigation, to be paid as a prerequisite to discretionary relief to the defendant. *Leet* v. *Grants,* 36 Cal. 288. See *Tozer* v. *Krause Milling Co.,* 189 F. 2d 242, *supra.*

Moreover, the costs provided for by the statute do not mark the limit of the court's equitable power to impose terms which will place the plaintiff in *statu quo* before the relief sought shall be granted. See *Mott* v. *Connecticut General Life Insurance Co.,* 2 F. R. D. 523 (D. C. N. D., Iowa W. D. 1942). The plaintiff in this case asked that terms be imposed, in order to make the plaintiff whole as to counsel fees incurred in resisting the motion. This request was likewise addressed to the discretion of the Court and within its equitable powers to grant or to deny. *Guay* v. *Association,* 87 N. H. 216, 221; *Watkins* v. *Railroad,* 80 N. H. 468, 478-480. "It has always been the rule that where equitable relief from such mistakes is asked for, the petitioner must put his opponent *in statu quo.*" *Id.,* 478. See 2 Pomeroy, Equity Jurisprudence (5th *ed.*) 56; 3 *Id.,* s. 847.

Doubt arises as to whether discretion was in fact exercised with respect to the plaintiff's request for terms in addition to the costs required by the statute. See *Johnson* v. *Shaw,* 101 N. H. 182, 189. If it was unreasonable for the plaintiff to resist the motion, then such terms were properly denied. *Watkins* v. *Railroad, supra,* 480. If not, then appropriate terms should be imposed.

*Remanded.*

All concurred.