Concord District Court
No. 85-160

NELSON AND ELIZABETH PERRON

v.

ROBERT V. ARANOSIAN, d/b/a CAPITOL CITY MOTORS

May 9, 1986

*Martin J. Bender*, of Webster, by brief for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*John S. Upton* on the brief), by brief for the defendant.

SOUTER, J.   We affirm the judgment for the defendant in this action to recover consideration paid and consequential damages, following the plaintiffs' purported revocation of their acceptance of a used truck purchased from the defendant. *See* RSA 382–A:2–608.

The Concord District Court (*Robbins*, J.) found that on March 31, 1983, the plaintiffs bought a used 1979 Ford truck from the defendant for $4740, paying $240 in cash, trading in a 1973 GMC truck valued at $1000, and giving a $3500 note which the defendant

assigned to GMAC. They accepted the truck without test-driving it, but thereafter brought it back to the defendant with complaints of front-end vibration and rear-end noise. The defendant repaired the truck at his own expense. The plaintiffs then drove it until May 5, 1983, when they claimed to revoke their acceptance of it by returning it to the defendant. The defendant refused their demand for the return of their consideration, and they brought this action in the district court. They pleaded that they had revoked acceptance of the Ford truck because its defects substantially impaired its value to them; that the defendant had refused to return the $240 and the GMC truck they had given as consideration; that they had incurred "other costs"; and therefore that they were entitled to damages in the amount of $2500.

On the date assigned for trial, the court found the defendant in default after he and his counsel failed to appear. The next day the defendant's counsel moved to strike the default, explaining that he had confused this case with another and had failed to note the correct trial date on his calendar. The court granted the motion over objection.

■ The case was then rescheduled and tried, but without a taped or stenographic record. Consequently, for purposes of this appeal we must assume that the evidence supported the trial court's findings, *Nashua Housing Authority v. Tassie*, 121 N.H. 449, 450, 431 A.2d 134, 135 (1981), and must limit our review to legal errors apparent on the face of the record that we have. *Orford Teachers Assoc. v. Watson*, 122 N.H. 803, 804, 451 A.2d 378, 379 (1982).

The first two assignments of error require discussions. The plaintiffs claim that defense counsel's forthright explanation that he had failed to calendar the trial date is not a sufficient excuse under the standard of *Fome Associates v. Palmer*, 122 N.H. 985, 453 A.2d 1274 (1982), and they argue that it was error to strike the default. We agree that counsel's clerical error would not have been excusable under the *Fome* standard, but we do not agree that the *Fome* standard is applicable here.

■ In *Fome*, plaintiff's counsel had failed to enter a writ prior to the return date. In holding that clerical error or neglect would not generally excuse a failure of counsel to act within procedural deadlines, this court applied the standard expressed in the preface to the superior court rules, which provides that the court may grant relief when a failure to comply with the rules results from "accident, mistake or misfortune and not . . . neglect . . . ." In contrast, the district court's authority to excuse a failure to be ready for a scheduled trial date, *see* DIST. & MUN. CT. R. 3.12, is not so limited; the court may

waive application of a rule simply for "good cause and as justice may require." DIST. & MUN. CT. R. 1.1. Since this rule does not explicitly bar relief from all consequences of human neglect, we are unwilling to hold that the district court erred as a matter of law or abused its discretion in striking the default at the behest of honest counsel who responded promptly upon learning of his error. *See Lavoie v. Bourque*, 103 N.H. 372, 374, 172 A.2d 565, 566–67 (1961). Although the plaintiffs do not claim prejudice, we assume that they were, or will be, made whole for their time, the expense of counsel and any other costs incurred in appearing at the defaulted hearing. *See id.* at 375, 172 A.2d at 567.

The plaintiffs' second claim is that the trial court erred in failing to grant restitution to avoid the defendant's unjust enrichment from retaining the down payment, the truck traded-in and any net proceeds from sale of the truck returned. To this, we can only respond that the plaintiffs are attempting to appeal an issue that they did not raise in any of their pretrial pleadings and on which the record before us is too sparse to permit any inference of error.

The plaintiffs' declaration requested damages to enforce their claim of entitlement to revoke an acceptance of goods under RSA 382–A:2–608. The pleadings claimed the existence of a sale of goods, such non-conformity of the goods as substantially to impair their value to the plaintiffs, and a right to recover the consideration paid plus damages. The defendant was on notice to meet only those issues.

The plaintiffs first raised a claim that the defendant would be unjustly enriched if they were not entitled to enforce their purported revocation in their requests for rulings of law, presumably filed before the end of the trial. The pretrial pleadings, however, sought no such alternative relief. In the absence of timely supplemental pleadings, the attempt to broaden the issues at trial by raising a claim for restitution to prevent unjust enrichment offended the elementary principle that must be enforced, even in this lenient jurisdiction, "that pleadings . . . must inform the opponent of the theory and relief sought . . . ." R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 214, at 158 (1984) (citing *Morency v. Plourde*, 96 N.H. 344, 76 A.2d 791 (1950)). If the trial court refused to consider restitution, it did not err.

Even if the issue of restitution had been properly raised, we could not say on this record that it was error to refuse any award on that basis. We have no record indicating what happened to the Ford truck or the GMAC debt, although the defendant asserts in his brief that GMAC had recourse against him under the note. We have no

idea what the defendant may have realized from the GMC trade-in truck, and we have no evidence of his net position when the skeins of these transactions were finally untangled. The plaintiffs have presented no basis for an equitable argument or a claim of error.

The plaintiffs' final claims assert a buyer's right under RSA 382–A:2–601 to reject non-conforming goods or, alternatively, the right under RSA 382–A:2–608 to revoke an acceptance once given. We can say at the outset that there is no apparent error in the trial court's failure to recognize a right to reject under RSA 382–A:2–601. The plaintiffs apparently raised this claim for the first time in their requests for rulings of law, whereas the declaration of their writ clearly implies that they had initially accepted the truck, for they specifically pleaded that they "revoked acceptance" of it. Thus, the pleadings did not raise a claim to relief on the theory of a right to reject the truck prior to acceptance.

■ When we turn to the court's conclusion that the plaintiffs were not entitled under RSA 382–A:2–608 to revoke their original acceptance, there is more opportunity for argument, but the plaintiffs have not convinced us that the trial court was wrong. The statute provides that under certain circumstances a "buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him . . . ." In construing this provision we have held that "plaintiffs need only prove that there was a non-conformity that substantially impaired the value of the motor vehicle to them." *Welch v. Fitzgerald-Hicks Dodge, Inc.*, 121 N.H. 358, 364, 430 A.2d 144, 148 (1981). "[A]lthough the trier of fact must make an objective determination that the value of the goods has been substantially impaired, it is nevertheless a question to be determined from the perspective of the particular individual." *Werner v. Montana*, 117 N.H. 721, 730, 378 A.2d 1130, 1136 (1977) (citations omitted).

■ The plaintiffs submit that the trial court failed to follow this standard, a failure which they argue is apparent in the court's responses to their requests for rulings of law and in its order embodying findings and rulings. In particular, they point to the denial of their request to rule that "[t]he plaintiffs had the right to revoke acceptance of the truck upon discovery of a non-conformity that substantially impaired its value to them. RSA 382–A:2–608." We see no error. Although this request was in part a statement of law that correctly expressed the standard of "non-conformity [that] substantially impairs . . . value to [them]," it was nonetheless an incomplete statement of law, for it failed to specify the circumstances in which a buyer could so revoke. *See* RSA 382–A:2–608 (1)(a)(b),

and (2). It was, moreover, in part a statement of fact, for it referred to "the truck" and implied that the truck's value was substantially impaired. In its order, the court refused to make any such finding, and stated that the request was "not consistent" with the court's actual findings of fact. Without a record, we have no basis to say this was error. Since the court properly denied the requested ruling as an incomplete statement of law and committed no *obvious error* in denying it as an incorrect statement of fact, the denial raises no implication that the court failed to apply the standard in § 2–608.

■ The plaintiffs also point to a finding of fact in the court's narrative order which, they argue, indicates a failure to apply the § 2–608 standard of "non-conformity [that] substantially impairs . . . value to [them]." Again, we are not persuaded. The court found "that the vehicle in question was not in [such] a substantial condition of disrepair or mechanical imperfection as to render it reasonably unfit for the use . . . which the Plaintiffs intended." Although it would have been better if the court had stayed closer to the statutory language, one would have to strain rather hard to hold that the court's language indicated a failure to follow § 2–608. A "condition of disrepair or mechanical imperfection" could satisfy the statutory requirement of "non-conformity." And when that condition was so "substantial" as to render the vehicle "unfit for the use . . . which the Plaintiffs intended," it would "substantially impair . . . value to [them]." If there were still any doubt whether the court had followed the statutory standard, it should be settled by the court's express reference to the statute in concluding that the plaintiffs "were not in a position to revoke their acceptance within the provisions of RSA 382–A:2–608." We hold that there is no apparent legal error underlying the trial court's conclusion that the plaintiffs were not entitled under RSA 382–A:2–608 to revoke their acceptance of the truck.

*Affirmed.*

All concurred.