Strafford
No. 87-509

THE STATE OF NEW HAMPSHIRE

v.

ROBERT M. HOOD

May 3, 1989

*Stephen E. Merrill*, attorney general (*Mark E. Howard*, attorney, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

SOUTER, J.   Following conviction in the Superior Court (*Nadeau, J.*) for felonious sexual assault on a child under the age of thirteen, RSA 632–A:3, III, the defendant in this appeal challenges the receipt into evidence of four photographs separately showing himself and his wife naked, found by the victim when fetching cigarettes from a drawer at the defendant's request. We affirm.

From August, 1986, until early March, 1987, the defendant acted from time to time as a babysitter for the eleven-year-old victim and her younger sister, whose parents would leave them at his apartment. In January and February, 1987, according to the victim's later testimony, the defendant repeatedly placed his hand on her clothed genital area, on all but the first occasion rubbing her body until she moved away, and she stated that he also contrived to expose his penis to her sight. She also described how he had once directed her to obtain cigarettes from a drawer in which she found the cigarette package next to books of sexually explicit pictures and "obscene" photographs of the defendant and his wife.

After receiving a report of these events, the police obtained the defendant's consent to search his apartment for the photographs, magazines and other evidence. From a drawer in his bedroom they seized four photographs, one depicting the defendant naked with an erection, the others showing his wife naked in various poses on a bed. The defendant was subsequently prosecuted for violating RSA 632–A:3, III, under an indictment charging him with the intentional act of sexual contact with the young victim for the purpose of sexual arousal or gratification. *See* RSA 632–A:1, IV.

At trial the victim testified without objection that when she went to the drawer to obtain the cigarettes as directed she saw two "obscene pictures" of the defendant and his wife and two books of "dirty pictures." Counsel then approached the bench at the prosecutor's behest, and a colloquy ensued about the admissibility of the photographs themselves. Although defense counsel formally stated no objection, there was an evident understanding that he did object, and in the course of the discussion he challenged admissibility on grounds of relevance of subject matter, temporal remoteness and inflammatory potential. The court overruled the objection, whereupon the victim went on to testify that she could not have obtained the cigarettes as requested without seeing the pictures, and she stated that she had seen all four of the photographs admitted into evidence.

We do not perceive a serious question about the relevance of the photographic subject matter to the subject of the indictment. The State had the burden to prove that the defendant intentionally performed an act for the purpose of sexual arousal or gratification. Evidence that the defendant had directed the victim's attention to a place where she would almost certainly see sexually provocative depictions made it more probable that any associated contact of the defendant with the clothing upon the sexual parts of the victim's body was intentional, not casual, manifesting the requisite sexual purpose. Although, as the defendant argues, the photographs depicted adults rather than children like the victim, that fact does not negate the premise that causing a child to see sexual material evinces a sexual interest in the child and a desire to stimulate the child's interest in sexual contact. Since the photographs were of a sexual nature, they were relevant under New Hampshire Rule of Evidence 401 (relevance is tendency to make more probable the existence of a fact of consequence) and admissible under New Hampshire Rule of Evidence 402 (relevant evidence generally admissible), provided that the State could establish a temporal

association between the request that led the child to the drawer and the contact charged in the indictment.

The defendant maintains that the connection is lacking because the victim did not testify to a date, specific or approximate, on which the incident with the photographs occurred. *See State v. Allen*, 128 N.H. 390, 397, 514 A.2d 1263, 1268 (1986) (temporal remoteness affects weight of probative value). Actually, the testimony in question followed the victim's description of the physical contact during the first two months of 1987 and is probably best read as referring to that period. Even assuming otherwise, however, the incident had to have occurred within five months of the time the contact is said to have begun, and a space of five months would not render the evidence irrelevant. Because it is improbable that the defendant's sexual nature changed over such a time, if the defendant had a sexual interest in the child in August, the same interest probably motivated overt advances the following January and February.

The remaining question is whether the evidence should have been excluded as "inflammatory"; that is, as having a prejudicial potential substantially outweighing its probative value. *See* N.H. R. Ev. 403. The question arises on a peculiar record, in that the transcript before us quotes the trial judge as finding that ". . . I believe the probative value of the photographs is outweighed by the prejudice that's done, solely by virtue of their being explicit." The context, however, makes it reasonably clear that either the judge misspoke or the stenographer omitted a word. (Even as it stands, of course, the finding would not require exclusion of the evidence as a matter of law. *See State v. Trainor*, 130 N.H. 371, 375, 540 A.2d 1236, 1239 (1988) (prejudicial character must substantially outweigh probative value to require ruling of inadmissibility under Rule 403)).

In any case, the evidence supports the trial court's finding that the photographs do not possess any significantly inflammatory character, granting the fact to start with that they show naked individuals obviously intending to be provocative. One must bear in mind that the issue under Rule 403 is not the effect of the pictures on the victim, but their effect on the jurors, and there is no plausibility in the defendant's suggestion that the deliberative capacity of a juror sitting on a sexual assault trial in 1987 was likely to be much affected by seeing merely indecorous depictions of human nakedness. There being nothing in the ruling that was "clearly untenable or unreasonable to the prejudice of [the

defendant's] case," *State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984), we affirm.

*Affirmed.*

All concurred.