Hillsborough
No. 89-158

## THE STATE OF NEW HAMPSHIRE

v.

## JOHN COX

May 24, 1990

*John P. Arnold*, attorney general (*Mark E. Howard*, assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, John Cox, was convicted after a jury trial in the Superior Court (*Dalianis*, J.) of two counts of felonious sexual assault on a teenage child. RSA 632-A:3, II. He argues on appeal that the trial court erred in refusing to take judicial notice of a prior unrelated conviction of a third party which involved a sexual assault on the same juvenile victim. For the following reasons, we affirm.

The defendant was indicted on three counts of felonious sexual assault for allegedly engaging in acts of sexual penetration with a thirteen-year-old boy. Prior to trial, the defendant filed a motion seeking a hearing to "determine the admissibility of evidence of

prior consensual sexual activity between the alleged victim . . . and persons other than the Defendant." *See State v. Howard,* 121 N.H. 53, 58–59, 426 A.2d 457, 460–61 (1981). According to the motion, "[d]efense counsel intend[ed] *to cross examine* this juvenile witness . . . in regard to prior and subsequent acts of sexual contact and intercourse . . . to preclude any inference that so young a victim would not have known about the described sexual acts unless he had experienced them with the Defendant as alleged and to raise questions about his credibility in general." (Emphasis added.) The motion made no mention of the introduction of such evidence through judicial notice.

We have no record of either the hearing in chambers which was held on the motion or the trial court's ruling on the admissibility of the evidence. However, at the end of trial, counsel for the defendant, in addressing the court, stated that the "Manchester District Court conviction of one Kenneth Hunter," who "was found guilty of purposely engaging in sexual contact with [the victim]," was "the subject of [the] earlier hearing." In commenting on this statement, the trial judge acknowledged that the court had ruled in favor of admitting such evidence.

During the trial, counsel for the defendant did not attempt to cross-examine the victim regarding other consensual sexual activity or the circumstances of the prior sexual assault. Instead, defense counsel requested that the trial court take judicial notice of the Hunter conviction. In support of this request, he supplied court records of the conviction (Hunter documents), which included a copy of the district court complaint identifying the victim and confirming the guilty verdict. The trial court denied the defendant's request, stating that the determination to admit evidence of the prior conviction had been "based upon a reading of *Howard*" which, "under particular circumstances," permits defense attorneys *"to query by cross-examination* alleged victims of crimes relative to their prior sexual contact if any." (Emphasis added.)

The defendant was convicted of two counts of felonious sexual assault. The third indictment was dismissed by the trial court following the State's case-in-chief. The defendant was given consecutive sentences of twelve months in the house of correction and 3½ to 7 years in the State Prison.

On appeal, the defendant argues that the trial court erred in refusing to take judicial notice of the Hunter conviction. He questions the trial court's apparent ruling that evidence of the victim's sexual ac-

tivity with a person other than the defendant, which was determined prior to trial to be admissible, could be introduced only through cross-examination.

The defendant's claim is based upon the court's pretrial ruling that evidence of the victim's involvement in the prior unrelated sexual assault would be admissible at trial. Therefore, our consideration of his claim begins with a review of that decision.

■ The so-called rape shield law, RSA 632-A:6, provides that "[p]rior consensual sexual activity between the victim and any person other than the [defendant] shall not be admitted into evidence in any prosecution [under RSA chapter 632-A]." RSA 632-A:6; *see* N.H. R. Ev. 412(a); *State v. Howard*, 121 N.H. at 57, 426 A.2d at 460. However, "the requirement of due process and the right of confrontation limit the application of the rape shield law when evidence of the victim's prior sexual activity with people other than the defendant has a 'probative value in the context of [a] particular case [that] outweighs its prejudicial effect on the [victim].'" *State v. Goulet*, 129 N.H. 348, 351, 529 A.2d 879, 881 (1987) (quoting *State v. Howard*, 121 N.H. at 58–59, 426 A.2d at 460–61). Therefore, upon motion by the defense, a hearing must be held to enable the trial court "to evaluate the strengths of the competing interests in privacy and effective confrontation." *State v. Goulet*, 129 N.H. at 351, 529 A.2d at 881; *see* N.H. R. Ev. 412(b). The hearing permits the defendant an opportunity to prove facts that could justify the invasion of the victim's privacy. *State v. Goulet*, 129 N.H. at 351, 529 A.2d at 881.

We have no transcript of the pretrial hearing which was held to consider the introduction of evidence regarding the victim's prior sexual activity. Therefore, we do not know whether the facts offered were limited to the information contained in the Hunter documents or were more descriptive of the incident that led to Hunter's conviction. However, the Hunter documents disclose little about the incident except that Hunter "did purposely engage in sexual contact with a male juvenile of the age of ten years by rubbing the victims (sic) penis with his hand."

■ We note that the rape shield law generally prohibits the introduction of evidence regarding the prior "consensual" sexual activity of a victim. RSA 632-A:6. A *Howard* hearing, as requested by the defendant, is intended to determine whether, under the circumstances of a particular case, such evidence should be permitted. *State v. Goulet*, 129 N.H. at 351, 529 A.2d at 881. Logically, evidence ruled admissible by a trial court as a consequence of a *Howard* hearing

must be of *consensual* sexual behavior. Although they identify the victim as the same person whom the defendant allegedly assaulted, the Hunter documents give no indication as to whether the victim's participation was in any way consensual. A ruling permitting the evidence of the victim's involvement with Hunter, based upon the Hunter documents, and without further evidence of consent, would not have been properly within the scope of a *Howard* hearing.

■ Assuming, *arguendo*, that the victim's activity with Hunter was consensual, the Hunter documents, in isolation, lacked the probative value necessary to outweigh the victim's right to personal privacy based upon the rape shield law. *See id.* at 350–51, 529 A.2d 881. They provide no information in regard to the victim's level of awareness or participation and supply no insight into what knowledge the victim may have acquired in regard to the type of acts of which the defendant was accused. Clearly, the information contained in the Hunter documents was insufficient to justify permitting a jury to hear evidence of the victim's involvement in the prior unrelated conviction. *See State v. Dean*, 129 N.H. 744, 749, 533 A.2d 333, 337 (1987).

■ It is possible that the trial judge went beyond the scope of a *Howard* hearing and ruled upon evidence of non-consensual sexual behavior. Such evidence would still be subject to evidentiary standards for admissibility, including New Hampshire Rule of Evidence 403, which requires that the probative value of the evidence outweigh its prejudicial effect. Given their lack of probative value and their prejudicial effect, it would have been an abuse of discretion, *State v. Brooks*, 126 N.H. 618, 625, 495 A.2d 1258, 1263 (1985), to permit the defendant to introduce into evidence the nondescript facts found in the Hunter documents.

■ Despite these concerns, in the absence of a taped or stenographic record of the *Howard* hearing, we must assume that the evidence presented supported the trial court's findings, and our review is limited to legal errors apparent on the face of the record. *See Perron v. Aranosian*, 128 N.H. 92, 94, 508 A.2d 1087, 1089 (1986). Therefore, given the record before us, we can only assume that the defendant must have presented facts beyond those contained in the Hunter documents when the trial court made its pretrial ruling that evidence regarding the Hunter conviction was admissible.

■■ Next, we must understand what was intended by the defendant when he requested that the trial court take judicial notice of

the Hunter conviction. Some confusion arises over whether the defendant intended that the physical copies of the Hunter documents be entered into evidence or only that some portion of the information contained in those documents be verbally acknowledged by the court. Again, our review of this issue is complicated by a lack of record, as the transcript fails to include the actual request for judicial notice made during the course of the trial. However, judicial notice involves a declaration of fact by a court without requiring proof by evidence because the fact is "notoriously known or capable of unquestionable demonstration." J.H. WIGMORE, 9 WIGMORE ON EVIDENCE, § 2565, at 693–94 (1981); see N.H. R. Ev. 201(a). It does not include the introduction of documentary evidence such as court records, which would be required to meet evidentiary requirements for admissibility, including authentification. See N.H. RS. EV. 901, 902. Therefore, any request by the defendant to put the actual Hunter documents into evidence would have been beyond the scope of judicial notice and, for reasons given above, was properly denied by the trial court.

■ If, in the alternative, the defendant's request was only for a declaration of fact, limited to those found on the face of the Hunter documents, the court's refusal was not an abuse of discretion. As a general rule, courts will not judicially notice the records of another cause of action, even if tried in the same court and involving the same parties, to supply facts that have not been formally introduced into evidence. See Guam Investment Company v. Central Building Inc., 288 F.2d 19, 23 (9th Cir. 1961); Funk v. Commissioner of Internal Revenue, 163 F.2d 796, 800–01 (3rd Cir. 1947); Wasinger v. Miller, 154 Colo. 61, 65, 388 P.2d 250, 253 (1964); Commonwealth v. Ball, 277 Pa. 301, 306, 121 A. 191, 192 (1923). We are aware of no reason why this rule should not have been followed in the present case. The defendant has supplied us with no explanation as to why judicial notice, as opposed to testimonial introduction, was necessary. Clearly, there was no need to rely upon the Hunter documents, because the facts which the defendant sought to introduce could have been formally and conveniently introduced through cross-examination of the victim.

■ Even assuming, arguendo, it had been appropriate to take judicial notice of the unrelated conviction, the court's refusal was within its discretion. Ordinarily, a witness cannot be re-examined by the party calling him, except as to matters inquired into during cross-examination. SUPER. CT. R. 67. The trial court could reason-

ably have believed that the only evidence of the victim's prior sexual conduct to be introduced at trial would be that found in the Hunter documents, which, as earlier stated, was insufficiently probative to warrant an invasion of the victim's privacy as protected by RSA 632-A:6 or to outweigh prejudicial effects pursuant to New Hampshire Rule of Evidence 403. Therefore, it clearly acted within its discretion in denying the defendant's request to take judicial notice of the limited facts found in the records of the conviction in the absence of an opportunity for further inquiry into the circumstances regarding the victim's involvement.

Finally, we find no merit in the defendant's claim that he was denied his due process right to present exculpatory evidence. *See* U.S. CONST. amend. VI; N.H. CONST. pt. I, art. 15. Contrary to the defendant's assertion, he was not precluded from presenting evidence of the victim's involvement with Hunter; the trial court simply exercised reasonable control over the mode of presentation. *See* N.H. R. EV. 611(a). The fact that the victim had previously been sexually assaulted was alone an insufficient basis on which to draw inferences regarding the victim's ability to fabricate charges against the defendant. The trial court clearly acted within the bounds of its discretion in ruling that cross-examination was necessary in order to ascertain the truth. *See* N.H. R. EV. 611(a). The defendant had specified in his pretrial motion his intent to elicit evidence of the Hunter conviction by means of cross-examination of the victim. For whatever strategic reason, without consulting the court, the defendant chose not to confront the witness during cross-examination, but to attempt to introduce the evidence through judicial notice. The defendant cannot now fault the trial court for his own failure to avail himself of the due process to which the trial court had ruled he was entitled.

This court has held that the admission of evidence of specific instances of a victim's sexual conduct should be limited to the extent possible without unduly infringing upon the defendant's constitutional rights. *State v. Howard*, 121 N.H. at 62, 426 A.2d at 462. In limiting the introduction of evidence of the victim's involvement with Hunter to cross-examination, the trial court properly weighed the strengths of the competing interests in privacy and effective confrontation, complied with established rules of evidence, and exhibited due respect for the defendant's constitutional rights of due process and confrontation. Under the circumstances, the trial court

did not err in refusing the defendant's request to take judicial notice of the Hunter conviction.

*Affirmed.*

SOUTER, J., did not sit; the others concurred.