Strafford
No. 88-363

### THE STATE OF NEW HAMPSHIRE

#### v.

### KEITH JONES

August 24, 1990

*John P. Arnold*, attorney general (*Mark S. Zuckerman*, assistant attorney general, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

BATCHELDER, J.   The defendant appeals his conviction on three counts of aggravated felonious sexual assault, RSA 632-A:2, one count of felonious sexual assault, RSA 632-A:3, and one count of attempted aggravated felonious sexual assault, RSA 632-A:2 and RSA 629:1, claiming that his due process rights guaranteed by the State and Federal Constitutions were violated when the Trial Court (*Nadeau*, J.) ruled that evidence pertaining to certain instances of the male victim's conduct with two females of like age was inadmissible. The defendant also claims that the trial court erred in failing to declare a mistrial after a witness testified before the jury that the defendant had stated that his roommate was a homosexual. As a result of these convictions, the defendant was sentenced to fifteen to thirty years in the New Hampshire State Prison. For the following reasons, we affirm.

Prior to trial, the defendant moved for a hearing with regard to the admissibility of evidence pertaining to the victim's prior "sexual experiences" in accordance with *State v. Howard*, 121 N.H. 53, 426 A.2d 457 (1981). Following two hearings on the defendant's motion, the trial court ruled that the defendant could not present evidence concerning an incident in which the victim's mother found the six-year-old victim underneath a porch, partially clothed, with two girls of like age.

■■   On appeal, the defendant claims that his due process rights guaranteed by the State and Federal Constitutions were violated when he was denied the opportunity to inquire into the "porch incident". RSA 632-A:6 provides that evidence of the victim's prior sexual experiences shall not be admitted at trial. However, in the decision of *State v. Howard*, 121 N.H. 53, 426 A.2d 457, we held that an exception to this rule exists where the defendant wishes to rebut the presumption that the victim is a sexual innocent and therefore had no prior knowledge of sexual matters upon which to base any fabrication. *Id.* at 61, 426 A.2d at 462. While it is true that an eight-year-old child may be presumed to be a sexual innocent, we agree with the trial court that the "porch incident" is irrelevant in determining whether the victim had sufficient prior sexual experience

upon which to fabricate his testimony. A trial court's decision whether or not to admit certain evidence will not be disturbed unless it is "clearly untenable or unreasonable to the prejudice of the case." *State v. Hood*, 131 N.H. 606, 608–09, 557 A.2d 995, 997 (1989) (quoting *State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984)). Given the nature of the incident and its lack of relevance in showing possible fabrication, it is clear that the trial court's decision to exclude this evidence was neither untenable nor unreasonable to the prejudice of the defendant's case, and we hold that the exclusion of the evidence was not in error.

During the course of the jury trial, one of the arresting officers, Lieutenant Crombie, testified concerning the events that took place when he and another officer searched the defendant's apartment. Lieutenant Crombie testified that while the defendant was signing the consent to search form, he volunteered the following statement: "I had a roommate who was a homosexual. You may find some of his items here. He just moved out. But I'm not a homosexual. He was and, you know, some items maybe (sic) his. I don't know." As soon as Lieutenant Crombie made reference at trial to this statement, the defendant moved for a mistrial, which was denied. Instead the trial court gave the following curative instruction:

> "Ladies and gentlemen of the Jury, . . . [y]ou should give this statement whatever weight you feel it deserves. You must not—you must not, however, assume in anyway or draw an inference that because Keith Jones had a homosexual roommate, that he, in anyway, shared those beliefs, and this is the instruction I'm giving you. As an instruction, you must follow it, and you must follow it scrupulously."

With regard to the defendant's claim that a mistrial should have been declared after the jury heard testimony about the defendant's statement that his roommate was a homosexual, we recognize that these remarks would require a mistrial only if they constituted an irreparable injustice that could not be cured by jury instructions. *State v. Lemire*, 130 N.H. 552, 553, 543 A.2d 425, 426 (1988). In light of the exculpatory nature of the statement and the instruction given by the trial court, we cannot say that any possible prejudice created by the statement was not dispelled.

*Affirmed.*

HORTON, J., did not sit; the others concurred.