Hillsborough-northern judicial district
No. 93-126

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH BESK

April 12, 1994

*Jeffrey R. Howard*, attorney general (*Joseph N. Laplante*, attorney, on the brief and orally), for the State.

*Judith M. Kasper*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J.   The defendant, Joseph Besk, was convicted of three counts of aggravated felonious sexual assault involving two boys under the age of thirteen. *See* RSA 632-A:2, XI (1986) (current version at RSA 632-A:2, I(l) (Supp. 1993)). Besk appeals the Superior Court's (*Perkins*, J.) order, pursuant to the rape shield law, RSA 632-A:6

(1986) (current version at RSA 632-A:6, II (Supp. 1993)), prohibiting him from cross-examining one of the boys, Stephen, about an allegation that Stephen had sexually molested Besk's son. We affirm.

Prior to trial, the State moved to exclude any evidence that Stephen had molested Besk's son. Besk objected, arguing that the rape shield law did not apply to this evidence. Besk made an offer of proof that cross-examining Stephen was important to show Stephen's motive to contrive the charges against him. His attorney stated:

> "[Stephen] did molest [Besk's son], he was taken to the police about it. The police were given information about it and to a certain extent, I'm not sure what extent, the boy, Stephen, received some difficulties for that . . . , so I think there is a potential for some vindictiveness and a motive to fabricate.
>
> . . . [T]his boy has molested my client's son and was caught, and was caught perhaps with the help of my client and perhaps now he holds a grudge against my client."

The superior court granted the State's motion to exclude the evidence, applying the rape shield law and finding that Besk "failed to demonstrate that the asserted sexual activity has probative value sufficient to outweigh its prejudicial effect." Following his convictions, Besk appealed.

The framework for evaluating the admissibility of evidence subject to the rape shield law is well-established. RSA 632-A:6 provides, in part, that "[p]rior consensual sexual activity between the victim and any person other than the [defendant] shall not be admitted into evidence in any prosecution under this chapter." In *State v. Howard*, 121 N.H. 53, 426 A.2d 457 (1981), "this court held that the requirement of due process and the right of confrontation limit the application of the rape shield law when evidence of the victim's prior sexual activity with people other than the defendant has a 'probative value in the context of [a] particular case [that] outweighs its prejudicial effect on the [victim].'" *State v. Goulet*, 129 N.H. 348, 351, 529 A.2d 879, 881 (1987) (*quoting Howard*, 121 N.H. at 58–59, 426 A.2d at 460–61).

Besk argues preliminarily that the rape shield law does not apply here because Stephen was under the age of thirteen at the time he supposedly molested Besk's son. The rape shield law applies only to "consensual" sexual activity, *see State v. Cox*, 133 N.H. 261, 264–65, 575 A.2d 1320, 1322 (1990), and, Besk contends, children so young are "incapable" of consenting to sexual acts for purposes of prosecutions under RSA chapter 632-A. *See* RSA 632-A:2, XI; *see also* RSA

632-A:2, II (Supp. 1993). Were we to accept Besk's position, the protection now afforded to rape victims against exposure of their sexual histories would apply only to adults and adolescents, and not to the youngest, most vulnerable victims of all—prepubescent children. Such a construction of the rape shield law would run contrary to the legislature's intent "to protect the victims of rape from . . . procedures that only serve to exacerbate the trauma of the rape itself." *Howard*, 121 N.H. at 57, 426 A.2d at 459. For the reasons set forth below, we decline to adopt Besk's position.

First, we note that the rape shield law itself makes no distinction among categories of victims. It precludes admission of "[p]rior consensual sexual activity between *the victim* and any person other than the [defendant]." RSA 632-A:6 (emphasis added). If the legislature had intended to deny young victims protection from cross-examination "designed only to harass, annoy or humiliate," *Howard*, 121 N.H. at 57, 426 A.2d at 460, it would have chosen words plainly conveying this meaning. *Cf. Appeal of City of Franklin*, 137 N.H. 723, 727–28, 634 A.2d 1000, 1003 (1993) ("A reviewing court may not add words to a statute that the lawmakers did not see fit to include.").

Second, we disagree with Besk's contention that the word "consensual," as it appears in RSA 632-A:6, renders the law inapplicable to the sexual activity of children while under the age of thirteen. Citing RSA 632-A:2, XI, Besk assumes that a young child is incapable of consenting to these acts for purposes of the rape shield law. Although such a child's consent is legally irrelevant to a prosecution under RSA 632-A:2, *see* RSA 632-A:2, XI, nothing in RSA 632-A:2, XI renders these children "incapable" of consent. Significantly, the rape shield law makes no reference to RSA 632-A:2, XI.

Third, while this court has never specifically held that the rape shield law applies to the sexual activity of young children, it has operated under that assumption since the law was first interpreted. *See State v. Jones*, 133 N.H. 562, 563–64, 578 A.2d 864, 864–65 (1990); *State v. Fennell*, 133 N.H. 402, 407, 412, 578 A.2d 329, 332, 335 (1990); *Cox*, 133 N.H. at 264–65, 575 A.2d at 1322–23; *Howard*, 121 N.H. at 55, 61–62, 426 A.2d at 458, 462. For example, in *Cox*, this court evaluated the admissibility of a victim's sexual activity at age ten. *Cox*, 133 N.H. at 264–65, 575 A.2d at 1322–23. The court assumed that the rape shield law applied to this activity, concentrating its analysis on whether "the victim's participation" was, in fact, consensual. *Id.* at 265, 575 A.2d at 1323.

Based on the foregoing, we reject Besk's contention that RSA 632-A:6 does not apply to the sexual activity of rape victims

while under the age of thirteen. Our holding follows "[t]he general consensus of the courts . . . that rape shield statutes do apply to cases involving minor victims." Note, *State v. Oliver*: *Children With a Past; The Admissibility of the Victim's Prior Sexual Experience in Child Molestation Cases*, 31 ARIZ. L. REV. 677, 685 (1989).

Besk's next contention is that the rape shield law does not apply to the allegation that Stephen sexually molested Besk's son because "[m]olestation inherently is not a consensual activity." We agree that "consensual activity" generally means an activity in which *both* parties agree to participate. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 482 (unabridged ed. 1961). However, even if we were to accept Besk's argument that the rape shield law should not apply here, we would nonetheless uphold the trial court's exclusion of the allegation against Stephen. The court found "no nexus . . . between the alleged molestation incident and the victim's motivation to be untruthful." Without such a nexus, the allegation lacks relevance and is inadmissible under New Hampshire Rule of Evidence 402.

We reject Besk's argument that the trial court's "no nexus" finding lacks support. As noted by the State, Besk's offer of proof was tentative and speculative. While Besk asserted that Stephen "was caught perhaps with the help of [Besk]," Besk did not claim that Stephen knew of his role in the matter. Considering that the allegation against Stephen originated with Besk, the superior court would have been justified in assuming that any real nexus between the alleged molestation and a motive to lie would be clearly explained by defense counsel. *Cf. State v. Santana*, 133 N.H. 798, 809, 586 A.2d 77, 84 (1991) (trial court's findings upheld unless unsupported by record or found clearly erroneous).

*Affirmed.*

All concurred.