Hillsborough-southern judicial district
No. 2004-495

## THE STATE OF NEW HAMPSHIRE

v.

## ABBOTT M. PLACE

Argued: May 5, 2005
Opinion Issued: May 20, 2005

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Chris McLaughlin*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

GALWAY, J. The defendant, Abbott M. Place, appeals his conviction in Superior Court (*Hicks*, J.) for simple assault. *See* RSA 631:2-a (1996). We affirm.

The jury could have found the following facts. On October 31, 2003, the defendant's wife, Barbara Sherrard, brought the defendant home from work at about 5:30 p.m. Before Sherrard picked him up, the defendant had been drinking at work and continued to drink when they got home. The defendant "was pretty drunk," and he sat at the kitchen table making comments. Sherrard responded to the defendant's comments, and they were "bickering back and forth."

As Halloween trick-or-treaters came to the door, Sherrard handed out candy. The defendant made sarcastic comments about the way she was handing out candy and called her derogatory names. Sherrard asked the defendant "to just be quiet and go to the other room and just let [her] take care of the kids."

Sherrard went to the living room to get away from the defendant, and then returned to the kitchen to answer the door. The defendant said something, to which Sherrard responded with a derogatory statement and then slapped him, although it is unclear from the record whether she struck him on the shoulder or face, because she was frustrated that he would not leave her alone. She walked toward the living room to try to get away because she was upset. As she did so, the defendant hit her in the back and shoved her. Sherrard fell forward into the living room, bruised her face, leg, and elbow, and suffered rug burns.

Prior to the jury being sworn in, the defendant asked the court to instruct the jury on self-defense and mutual combat. At the close of the evidence, the court gave the instruction on self-defense but denied the request for a mutual combat instruction.

The defendant then argued that the failure to give the instruction denied him the right to a fair trial under both the State and Federal Constitutions. The court again denied his request. A jury found the defendant guilty of simple assault.

The sole issue on appeal is whether the trial court erred in declining to give a jury instruction on mutual combat. Both parties agree that in order to decide this issue, we must determine whether there was some evidence that the parties agreed to fight. *See State v. Ramos*, 149 N.H. 272, 274 (2003). "Some evidence" means something "more than a minutia or

scintilla of evidence." *State v. Haycock*, 146 N.H. 5, 9 (2001) (quotation omitted).

The purpose of jury instructions is to explain the rules of law applicable to a case. *State v. DiNapoli*, 149 N.H. 514, 520 (2003). We review the denial of a proposed jury instruction in the context of the entire charge and all evidence presented at trial to determine whether the trial court adequately stated the relevant issues and law. *See id.*; *see also State v. Ramos*, 149 N.H. at 274. We will reverse a jury verdict for a trial court's failure to charge the jury with a particular instruction if that failure was an unsustainable exercise of discretion. *State v. Ramos*, 149 N.H. at 274. To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. *State v. Lambert*, 147 N.H. 295, 296 (2001).

The defendant argues that RSA 631:2-a, II entitles him to an instruction on mutual combat because there was some evidence that he and Sherrard voluntarily agreed to fight. He further contends that because the trial court did not give the requested instruction, it violated his right to a fair trial guaranteed by both the State and Federal Constitutions.

The State argues that there was no evidence of a fight entered into by mutual consent, and thus the trial court correctly denied the request. We agree.

■ The relevant statute guides our analysis. It provides: "A person is guilty of simple assault if he . . . [p]urposely or knowingly causes bodily injury or unprivileged physical contact to another . . . ." RSA 631:2-a, I(a). "Simple assault is a misdemeanor unless committed in a fight entered into by mutual consent, in which case it is a violation." RSA 631:2-a, II. In *State v. Besk*, we agreed that "consensual activity" generally means an activity in which both parties agree to participate. *State v. Besk*, 138 N.H. 412, 415 (1994) (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 482 (unabridged ed. 1961)). Thus, mutual consent requires that both parties agree to participate in the fight, either expressly or by implication.

The trial court charged the jury on the elements of simple assault by instructing:

> The defendant is charged with the crime of simple assault. The definition of simple assault has two parts. The State must prove each part of the definition beyond a reasonable doubt. Thus, the State must prove, one, that the defendant acted knowingly, and, two, that the defendant caused unprivileged physical contact to another person, in this case, by throwing her to the floor.

The defendant's requested instruction explained that if the State proved beyond a reasonable doubt that the defendant and the other person "agreed to have a fight and that the assault happened during the fight," then the defendant would be guilty of mutual combat. The trial court found that there was "no evidence in the case from which a reasonable jury could find that there was an agreement to engage in an altercation," and thus refused to give the requested instruction.

■ The defendant's theory is that his and Sherrard's arguing back and forth, Sherrard's slap, and his response constituted some evidence of an agreement to fight. We disagree. Sherrard testified that after she slapped the defendant, she went "rapidly" into the living room because she "was trying to get away because [she] was just upset." As she left the room, the defendant hit or pushed her from behind. When the events transpired, the defendant was highly intoxicated, was being sarcastic and calling Sherrard names, and would not answer the door to assist Sherrard. In light of these facts, we conclude that there was no evidence to show an agreement to fight between the defendant and Sherrard, either expressly or by implication. We hold, therefore, that the trial court properly declined the request to give an instruction on mutual combat. Having determined that the defendant failed to show some evidence of an agreement to fight, we need not reach the defendant's constitutional claims.

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.