# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0057, <u>Arthur Cutter, Sr. & a. v. John Guiheen & a.</u>, the court on March 2, 2021, issued the following order:**

Having considered the brief filed by defendant John Guiheen, the memorandum of law filed by the plaintiffs, Arthur Cutter, Sr. and Arthur Cutter, Jr., and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Guiheen appeals an order of the Superior Court (<u>McNamara</u>, J.), issued after a bench trial, awarding the plaintiffs $9,473 in damages in their breach of contract action related to Guiheen's failure to transport a skidder from New Hampshire to Georgia. We affirm.

The relevant facts follow. In 2014, the parties entered into an oral contract under which Guiheen would transport a skidder from New Hampshire to Georgia in exchange for the plaintiffs giving him two bulldozers, gas tanks, and engine blocks. Guiheen took possession of the skidder, two bulldozers, gas tanks, and engine blocks, but did not transport the skidder to Georgia as promised. The plaintiffs recovered the skidder by replevin in 2018. When they did so, they discovered that the skidder had been damaged while it had been in Guiheen's possession.

At trial, Guiheen did not dispute that an oral contract existed by which the skidder was to be transported to Georgia. Rather, he claimed that he was not responsible for any contractual obligations because the contract was between the plaintiffs and his corporation, Potter Place Enterprise Corporation (Potter Place). However, the trial court found that there was "simply no evidence from which a reasonable trier of fact could find that the contract was entered into between the Plaintiffs and Potter Place."

The trial court ruled that Guiheen breached the parties' oral agreement by failing to transport the skidder and awarded the plaintiffs $1,000 for skidder parts; $473 for a replacement skidder starter; $3,000 for the transport of the skidder from Guiheen to their property; and $5,000 for a bulldozer Guiheen took and the plaintiffs never recovered "as there was evidence at trial that [he] offered to buy the bulldozer for that amount." The parties unsuccessfully moved for reconsideration, and this appeal followed.

We will uphold the trial's findings and rulings unless they are unsupported by the evidence or legally erroneous. <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003). It is within the province of the trial court to accept or reject, in whole or in part,

whatever evidence was presented, and we defer to the trial court's judgment on issues such as resolving conflicts in testimony, evaluating the credibility of witnesses, and determining the weight of the evidence. Id. On appeal, we do not review whether we would have reached the same result as the trial court, but rather whether a reasonable person could have reached the same decision that the trial court reached based upon the same evidence. Id.

On appeal, Guiheen first argues that the trial court erred when it ruled that he was personally liable for the breach of contract because, he contends, the plaintiffs failed to plead legal theories enabling them to recover from him personally. He contends that, before the trial court could find him personally liable, the plaintiffs had to amend their complaint to add piercing the corporate veil or assert an alter ego theory.

The plaintiffs counter that their complaint specifically alleged that Guiheen was personally responsible for breaching the contract and that he and the trial court "were . . . given the requisite notice . . . to understand the basis of the complaint." They argue that their complaint "functioned, as it should, by notifying [Guiheen] and the [trial] Court that the [plaintiffs] intended to sue [Guiheen], individually." We agree.

The purpose of notice pleading is to inform one's opponent of "the theory and relief sought." Perron v. Aranosian, 128 N.H. 92, 95 (1986). Here, the plaintiffs' original complaint sought a writ of replevin and alleged breach of contract and other claims against Guiheen personally. Indeed, in his motion to dismiss, Guiheen acknowledged that he had been sued in his individual capacity. Because Guiheen asserted that he had acted only on behalf of Potter Place, the plaintiffs amended their complaint to add Potter Place as a defendant "[n]otwithstanding the fact that [they] believed they were contracting with [Guiheen] individually." Therefore, as the plaintiffs correctly assert, their complaint adequately notified Guiheen of their theory of recovery and the relief they sought. See id.

Contrary to Guiheen's appellate arguments, the plaintiffs need not have pleaded either "the count of alter ego or piercing the corporate veil" in order to proceed against him individually. The trial court found, and the record submitted on appeal supports its finding, that the oral contract in this case was entered into by the plaintiffs and Guiheen, in his individual capacity. As the trial court observed, and as the record supports, "Potter Place was never mentioned by the Plaintiffs" or "even by [Guiheen] in his many text messages or in the conversations between the parties."

Guiheen next asserts that the trial court erred by awarding the plaintiffs money "for repairs to the skidder as they never pled that they had incurred losses in the form of repairs to the skidder." The plaintiffs observe that their pretrial statement specifically stated that they sought recovery of $1,171.14 for

2

"replacement of missing skidder parts," $64.33 for a skidder rotary switch, and $473.86 for a skidder starter.  Because the plaintiffs' pretrial statement gave Guiheen specific notice of the skidder repairs for which they sought recovery, we conclude that their failure to specifically plead these repairs in their complaint did not preclude the trial court from awarding the repairs as damages.

Guiheen next contends that the trial court erred by awarding the plaintiffs $5,000 to represent the fair market value for the missing bulldozer.  He acknowledges that, as the trial court aptly observed, there was evidence that Guiheen had inquired about purchasing the bulldozer for $5,000, but argues that this evidence was insufficient to support the trial court's finding.

New Hampshire law does not require that damages be calculated with mathematical certainty, and the method used to compute them need not be more than an approximation.  Akwa Vista, LLC v. NRT, Inc., 160 N.H. 594, 602 (2010).  We find no error in the trial court's reliance upon the testimony described above to support its finding as to the fair market value of the bulldozer.  Cf. Transmedia Restaurant v. Devereaux, 149 N.H. 454, 460 (2003) (concluding that "opinion evidence on the value of the restaurant equipment offered by its lay purchaser and owner was properly admitted").

Guiheen next argues that the trial court erred by awarding damages to both plaintiffs when, he contends, the evidence in the case was that only Arthur Cutter, Jr. owned the skidder, and that only he had an oral contract with Guiheen.  However, the trial court reasonably could have found, based upon the evidence before it, that Arthur Cutter, Sr. was a party to the contract and, therefore, was entitled to damages.

Finally, Guiheen contends that the trial court erred by awarding the plaintiffs $3,000 for the transport of the skidder from his property to their property.  He argues that this award conflicts with the trial court's statement that Arthur Cutter, Sr. testified "that when the skidder was replevied in 2018 [the plaintiffs] got [it] back but incurred transportation costs of $516."  However, in fact, Arthur Cutter, Sr. testified that he incurred $516 in "gas costs" when he tr[ied] to get the skidder back" and that he "actually [had] to have somebody come and get" the skidder and paid that person $3,000.  In light of this testimony, we conclude that the award of $3,000 was not erroneous.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3