Hillsborough
No. 90-343

ROBERT S. TREISMAN

v.

TOWN OF BEDFORD

May 22, 1992

*Shaheen, Cappiello, Stein & Gordon, P.A.*, of Concord (*Steven M. Gordon* and *Michael J. Sheehan* on the brief, and *Mr. Gordon* orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Barton L. Mayer* and *Gilbert Upton* on the brief, and *Mr. Mayer* orally), for the defendant.

JOHNSON, J. This is an appeal from the Trial Court's (*Dalianis,* J.) award of attorney's fees to the plaintiff, Robert S. Treisman, based on the alleged bad faith of the defendant, Town of Bedford (town). Because we conclude that the evidence fails to establish bad faith, we reverse.

This claim arises out of a 1982 decision by the Bedford Board of Selectmen (board) to allow Dean Kamen, a neighbor of Treisman, to locate a heliport on his property. In June 1982, Treisman brought a nuisance action against Kamen, and in December 1982, he brought a petition for injunction against the town, requesting that the town be ordered to prohibit the use of Kamen's land for a heliport.

The Trial Court (*Dunn,* J.) accepted the recommendation of the Master (*Chester E. Eaton,* Esq.) and ruled that the heliport was not a nuisance. The court also found that the location of a heliport on Kamen's property did not violate Bedford's zoning ordinance.

Treisman appealed to this court, and we vacated and remanded for a determination of whether a heliport was an accessory use to the primary residential use of Kamen's property. *See Treisman v. Kamen*, 126 N.H. 372, 493 A.2d 466 (1985). On June 4, 1987, we summarily affirmed the trial court's decision that Kamen's heliport was not an accessory use under the common law definition and that it was therefore prohibited by the Bedford ordinance.

In September 1985, the zoning board granted Kamen a variance, but the Superior Court (*McHugh,* J.) reversed that decision. While

the variance appeal was pending, the voters of Bedford approved an amendment to the zoning ordinance which allows heliports as an accessory use in residential and agricultural districts.

Treisman challenged the validity of the zoning amendment, and the Superior Court (*Goode*, J.) invalidated the amendment. On a consolidated appeal of the decisions on the variance and the zoning amendment, we held that the zoning amendment was valid and, therefore, we did not need to consider the variance. *See Treisman v. Town of Bedford*, 132 N.H. 54, 563 A.2d 786 (1989).

On February 1, 1990, Treisman filed a motion for attorney's fees, costs and damages related to the 1986 superior court decision that a heliport was not a permitted use under the 1982 Bedford Zoning Ordinance. Treisman claimed that, as the prevailing party in that action, he was entitled to attorney's fees because the town acted in bad faith in forcing Treisman to incur the expense of litigation when it knew that it was wrong. The Superior Court (*Dalianis*, J.) initially denied Treisman's request for an evidentiary hearing and his motion. However, in light of new evidence offered by Treisman to prove the board's bad faith, the superior court granted Treisman an evidentiary hearing. The superior court permitted Treisman to introduce into evidence a memo that his then attorney, William Orcutt, asserted he made immediately after a conversation with the town's former attorney, Patrick Enright, on August 5, 1985. The memo stated:

> "Pat Enright told me at about 9:25 am of 8/5/85 that his law firm told the town of Bedford 'from the beginning' that the town had made a mistake and that the helicopter should not be allowed. However, the Town decided that it would be easier to defend a claim by Treisman for atty's fees than to defend a claim by Kamen for his damages caused by the Town's mistake."

The superior court found that this new evidence "bolster[ed]" Treisman's claim, and proved that "the defendant had been forcing plaintiff to do the litigating *against* something, which the intervenor Kamen should have been litigating *for*." (Emphasis in original.) The court reversed its earlier decision, and awarded attorney's fees in the amount of $34,573.

The defendant raises several objections to the trial court's decision, but we need address only one: that the memo fails to establish the defendant's bad faith.

"[W]hen reviewing decisions concerning attorney's fees, . . . this court ordinarily applies the abuse of discretion standard." *Maguire*

*v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 54, 573 A.2d 451, 453 (1990). Application of that standard involves "look[ing] for some support in the record for a trial court's decision concerning attorney's fees." *Id.* at 55, 573 A.2d at 453. In this case, we find no support in the record for the trial court's finding.

The trial court found that the town "knew" it had been in error. It is difficult to understand how the town could have "known" that it was in error, when a trial court judge found the town was not in error, and when this court had yet to rule on the matter. The memo does not establish the town's knowledge of its "error." All the memo establishes, at best, is that the town knew that *its attorney* believed that the town had made a mistake. The memo does not allege that the town shared the attorney's beliefs.

Even if the town did form a subjective belief that its decision to permit a heliport in a residential zone was legally "wrong," the town's subjective belief is irrelevant as long as the town's legal position was not entirely without merit. The test for bad faith is an objective one. *See Keenan v. Fearon*, 130 N.H. 494, 502, 543 A.2d 1379, 1383 (1988). We conclude that the town's defense against Treisman's first suit was not "without any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be." *Id.*

Frivolous defenses rarely survive a motion for summary judgment, let alone prevail at the trial court level. Even on appeal, we were unable to say as a matter of law that a heliport violated Bedford's zoning ordinance. *Treisman v. Kamen*, 126 N.H. 372, 493 A.2d 466 (1985). Therefore, regardless of what the town believed about the merits of its position at the beginning of this extended litigation, the ensuing legal proceedings established that the town's defense had merit, and was not frivolous.

Therefore, we reverse the trial court's finding of bad faith and award of attorney's fees.

*Reversed.*

All concurred.