ANN RIX

v.

KINDERWORKS CORPORATION

December 29, 1992

*Coolidge Professional Association,* of Somersworth (*Peter J. Mathieu* on the brief and orally), for the plaintiff.

*Hinkley & Hahn, P.A.,* of Manchester (*Robert J. Frank* on the brief and orally), for the defendant.

HORTON, J. The defendant, Kinderworks Corporation, appeals a decision by the Superior Court (*Dickson,* J.), holding that RSA 275:56 entitles former employees access to their personnel files, and granting a motion by the plaintiff, Ann Rix, for attorney's fees. We affirm the ruling that former employees are covered under RSA 275:56, but reverse the superior court's award of attorney's fees.

The plaintiff began working for the defendant in March 1990. In February 1991, she suffered a wrist injury, which she attributed to her employment, and later that month she filed a workers' compensation claim with the defendant. After the plaintiff filed the claim, her relationship with the defendant deteriorated, and on February 14, 1991, she quit her job. The defendant's insurance carrier denied the plaintiff's workers' compensation claim on the ground that she voluntarily left her employment. The plaintiff appealed the denial of her workers' compensation claim to the New Hampshire Department of Labor.

In preparation for a June 1991 hearing with the department of labor, the plaintiff's attorney requested, pursuant to RSA 275:56, that the defendant provide access to the plaintiff's personnel file. When the defendant refused access to the file, the plaintiff filed a motion with the superior court seeking *ex parte* relief. The Superior

Court (*Temple*, J.) granted the motion and ordered the defendant to allow the plaintiff's attorney to inspect and copy the plaintiff's file. The plaintiff then filed a motion for attorney's fees, arguing that as a result of the defendant's "inexcusable and dilatory" failure to comply with RSA 275:56, she incurred costs totaling $500. The Superior Court (*Dickson*, J.) awarded the requested attorney's fees and later denied the defendant's motion for reconsideration. This appeal followed.

The defendant argues that RSA 275:56 does not cover *former* employees, and that the plaintiff was justifiably denied access to her personnel file. Consequently, according to the defendant, the superior court erred in awarding attorney's fees, because the plaintiff was not forced to seek judicial assistance to enforce a clearly defined right.

We first address the defendant's argument that RSA 275:56 does not cover former employees. In accordance with "basic tenets of statutory interpretation," we look first to the language of the statute. *N.H. Div. of Human Services v. Hahn*, 133 N.H. 776, 778, 584 A.2d 775, 776 (1990). RSA 275:56, I, states that "every employer shall provide a reasonable opportunity for any employee who so requests" to inspect and copy the employee's personnel file. The statute does not define the term "employee"; nor does it expressly indicate whether it is limited to current employees, or applies to both current and former employees. Where statutory language is not specifically defined, we look to the "intent of the legislation, which is determined by examining the construction of the statute as a whole, and not simply by examining isolated words and phrases found therein." *Id.* at 778, 584 A.2d at 776. When the court construes a statute, it is especially appropriate to consider "the evil or mischief" the statute was designed to remedy. *Appeal of Coastal Materials Corp.*, 130 N.H. 98, 103, 534 A.2d 398, 400 (1987).

Under RSA 275:56, I, employees are guaranteed access to their personnel files, subject only to limitations not applicable here. In the event an employee disagrees with information contained in his or her file, the employee may submit a written statement describing his or her version of the disputed information. *See* RSA 275:56, II. The employer must include this statement in any disclosure of the contested information to a third party. *Id.* As a practical matter, the statute's protection would be especially valuable to an employee seeking a new job. The employee would then be vulnerable to the

unqualified disclosure of an unfavorable evaluation by his or her past employer. Were we to interpret the statute to deny former employees access to their personnel files, we would significantly curtail the statute's utility. Furthermore, under the defendant's interpretation, an employer could freeze access to the contents of an employee's personnel file simply by firing that employee. We will not interpret the statute to produce such an "illogical result." *See Appeal of Coastal Materials Corp.*, 130 N.H. at 105, 534 A.2d at 402.

The statute's title, although not conclusive of its interpretation, provides additional evidence of the legislature's intent. *See Bourne v. Sullivan*, 104 N.H. 348, 352–53, 186 A.2d 834, 837 (1962). RSA chapter 275 is "entitled 'Protective Legislation,' and we should construe it with that purpose in mind." *Gilman v. County of Cheshire*, 126 N.H. 445, 450, 493 A.2d 485, 489 (1985) (quotations omitted). Accordingly, we have interpreted other provisions in this chapter to protect both former and current employees. Sections 42 through 55, for example, concern the payment of wages, and RSA 275:44, II provides that "[w]henever an employee quits or resigns, the employer shall pay the employee's wages no later than the next regular payday." This provision clearly protects former employees. *See Cilley v. N.H. Ball Bearings, Inc.*, 128 N.H. 401, 406, 514 A.2d 818, 821 (1986) (former employee would have had remedy under RSA 275:44); *cf. Caswell v. BCI Geonetics, Inc.*, 121 N.H. 1048, 1049, 437 A.2d 321, 322 (1981) (former officer constituted an employee under RSA 275:53, I). We find that RSA 275:56 requires an equally broad interpretation, and hold that it guarantees former employees access to their personnel files.

The defendant argues that construing RSA 275:56 to cover former employees would unfairly prejudice employers. In support of this argument, it asserts that since the statute does not define the term "personnel file," employers lack proper notice as to what constitutes a "personnel file." As a result, according to the defendant, employers could be forced to disclose privileged records to former employees. The danger of unfair prejudice would increase, the defendant claims, when employers were engaged in adversarial, adjudicative proceedings with former employees.

We are not persuaded that the dangers suggested by the defendant require a different interpretation of the term "employee." Although neither the legislature, nor this court, has interpreted the term "personnel file," we do not find the term so vague or indefinite as to require employers to guess at its meaning. It is clear that RSA

275:56 concerns employee access to information pertaining to the employee's work history. The statute indicates that such information would be kept by the employer in a personnel file. It does not suggest that employees should have access to information not directly relevant to their employment, and the defendant does not attempt to explain why such information would be kept in an employee's personnel file. More importantly, for the purpose of this appeal, the defendant does not explain why this alleged ambiguity should control our decision concerning the availability of RSA 275:56 to former employees. The defendant does not show why disclosing a personnel file to a former employee would be less in an employer's interest than disclosure to a current employee.

■■■ Having concluded that RSA 275:56 applies to former employees, we next consider the superior court's decision to award the plaintiff the attorney's fees incurred to obtain *ex parte* relief. As a rule, a "prevailing litigant is ordinarily not entitled to collect counsel fees from the loser." *Harkeem v. Adams*, 117 N.H. 687, 690, 377 A.2d 617, 619 (1977). Nonetheless, trial courts retain the discretion to award attorney's fees where "litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct." *St. Germain v. Adams*, 117 N.H. 659, 662, 377 A.2d 620, 623 (1977). Bad faith conduct justifying an award of attorney's fees has been found where an individual must "seek judicial assistance to secure a clearly defined and established right, which should have been freely enjoyed without such intervention." *Harkeem*, 117 N.H. at 691, 377 A.2d at 619. The test for bad faith is an objective one. *See Treisman v. Town of Bedford*, 135 N.H. 573, 575, 607 A.2d 950, 951 (1992). We grant deference to a trial court's decision concerning attorney's fees, and will not overturn such a decision absent an abuse of discretion. *See Maguire v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 56, 573 A.2d 451, 453 (1990).

The defendant argues that the superior court abused its discretion in awarding attorney's fees because the plaintiff did not have a clearly defined and established right under RSA 275:56 to review and copy her personnel file. In response, the plaintiff contends that the grant of attorney's fees did not hinge on the defendant's failure to comply with RSA 275:56. Instead, she argues that the defendant's refusal to provide access to her personnel file was part of a broader scheme of capricious conduct intended to frustrate her attempt to collect workers' compensation. In support of this argument, the plaintiff points to a July 1991 decision by the department of labor

that the plaintiff's injury was causally related to her employment with the defendant, and that she had left her job as a result of "management pressure that appear[ed] to have originated in retribution for reporting an injury." Alternatively, the plaintiff claims that the superior court could have awarded attorney's fees on the basis of the defendant's erroneous interpretation of RSA 275:56. The defendant subsequently moved this court to strike all references in the plaintiff's brief to the department of labor's decision. The defendant claims that since that decision is not part of the superior court record, we should not consider it on appeal.

Our review is complicated by the scant record of the proceeding below. The moving party, in this case the defendant, is responsible for presenting a record sufficient to allow the court to decide the issue presented on appeal. *See Brown v. Cathay Island, Inc.*, 125 N.H. 112, 115, 480 A.2d 43, 44 (1984); *see also* SUP. CT. RS. 13, 15. In the absence of a taped or stenographic record, we "must assume that the evidence presented supported the trial court's findings, and our review is limited to legal errors apparent on the face of the record." *State v. Cox*, 133 N.H. 261, 265, 575 A.2d 1320, 1323 (1990); *see also Perron v. Aranosian*, 128 N.H. 92, 94, 508 A.2d 1087, 1089 (1986).

In the present case, we have neither a full record of the proceeding below, nor an explanation of the superior court's decision. We therefore are unable to ascertain whether the superior court based its grant of attorney's fees specifically on the defendant's failure to comply with RSA 275:56, or generally on what it found to be a pattern of vexatious conduct. While recognizing the "tremendous deference given to a lower court's decision on attorney's fees," *Adams v. Bradshaw*, 135 N.H. 7, 16, 599 A.2d 481, 487 (1991), *cert. denied,* — U.S. —, 112 S.Ct. 1560 (1992), we find here that the superior court had no legal basis upon which to ground its award of attorney's fees.

Were the grant of attorney's fees based on RSA 275:56, we would have to conclude that the superior court erred as a matter of law. It would be inappropriate to assess attorney's fees against a litigant who contested an arguable issue of law that had not been settled by the courts. *See Harkeem*, 117 N.H. at 692, 377 A.2d at 620; *cf. Littky v. Winchester School Dist.*, 129 N.H. 626, 631, 529 A.2d 399, 402–03 (1987) (plaintiff had a clearly defined and established right under statute whose implementing regulations specifically included plaintiff among those protected by the statute). Until now, we had not considered the scope of the term "employee" in RSA 275:56, and,

although ultimately unsuccessful, the defendant's arguments were not frivolous. As such, a former employee's right to review his or her personnel file had not been clearly defined or established.

 Moreover, we do not find that the superior court reasonably could have based its award of attorney's fees on a finding that the defendant's noncompliance with RSA 275:56 was part of a scheme of bad faith conduct. In her motion for *ex parte* relief, the plaintiff addressed only the defendant's failure to comply with the letter of RSA 275:56. She did not then argue that the defendant's refusal to provide access to her personnel file constituted bad faith. In addition, in her motion for attorney's fees, the plaintiff specifically claimed that she spent $500 to obtain an *ex parte* order requiring the defendant to comply with RSA 275:56. She did not, and indeed could not, attribute this cost to her general efforts on behalf of her workers' compensation claim. Finally, even assuming that the defendant was motivated by a desire to frustrate the plaintiff's pursuit of her workers' compensation claim, rather than an interpretation of RSA 275:56, the test for bad faith is an objective one. *See Treisman*, 135 N.H. at 575, 607 A.2d at 951. The defendant therefore may claim that its decision to deny access to the plaintiff's records was based on a statutory interpretation that was within its right to assert.

We affirm that RSA 275:56 should be construed broadly to provide protection for both former and current employees, but reverse the superior court's award of attorney's fees. Our reversal of the award of attorney's fees renders moot the defendant's motion to strike references in the plaintiff's brief to the department of labor's July 1991 decision.

*Affirmed in part; reversed in part.*

All concurred.