**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0652, <u>In re Guardianship of J.F.</u>, the court on April 6, 2017, issued the following order:**

Having considered: (1) the brief filed by the respondent, the father of J.F. (the child); (2) the brief filed by the petitioners, the child's maternal grandparents; (3) the memorandum of law filed by the child's mother; and (4) the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). The father appeals an order of the Circuit Court (<u>Moran</u>, J.) appointing the petitioners as the child's co-guardians, over the father's objection. We affirm.

A non-parent seeking to establish a guardianship over the objection of a parent has the burden to prove "by clear and convincing evidence that the best interests of the minor require substitution or supplementation of parental care and supervision to provide for the essential physical and safety needs of the minor or to prevent specific, significant psychological harm to the minor." RSA 463:8, III(b) (2004); <u>see</u> In re Guardianship of Nicholas P., 162 N.H. 199, 202 (2011). The trial court's findings are final unless they are so plainly erroneous that they could not be reasonably made. <u>In re Guardianship of Reena D.</u>, 163 N.H. 107, 110 (2011). Consequently, we will not disturb the trial court's order unless it is unsupported by the evidence or plainly erroneous as a matter of law. <u>Id</u>.

The father first argues that the trial court erred by appointing the petitioners as the child's co-guardians absent a finding that the father "is or ever was an unfit parent." However, the statutory process for appointing a non-parent as a guardian of a child "does not require a court to find the parent unfit." <u>In re Guardianship of Nicholas P.</u>, 162 N.H. at 203; <u>see</u> RSA 463:8 (Supp. 2016).

The father next asserts that, absent a finding that he was unfit, the appointment of the petitioners as the child's co-guardians violates his fundamental right to parent as guaranteed by Part I, Article 2 of the New Hampshire Constitution and the Fourteenth Amendment to the United States Constitution. We first address the father's claim under the State Constitution and rely upon federal law only to aid our analysis. <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983).

Citing <u>Troxel v. Granville</u>, 530 U.S. 57, 68-69 (2000), the father argues that, because he has not been declared an unfit parent, it is presumed that it

is in the child's best interests for him to have custody of the child.  We do not agree that the holding in Troxel requires reversal in this case.  See In re Guardianship of Nicholas P., 162 N.H. at 204.  That decision involved a Washington state statute that allowed "any person" to petition for visitation rights and allowed courts to grant such visitation whenever "visitation may serve the best interest of the child."  Troxel, 530 U.S. at 60; see In re Guardianship of Nicholas P., 162 N.H. at 204.  "The United States Supreme Court concluded that the statute unconstitutionally infringed on the parent's fundamental rights because it did not accord any weight to the parent's determination of what would be in the best interests of the child."  In re Guardianship of Nicholas P., 162 N.H. at 204; see Troxel, 530 U.S. at 67.

By contrast, our statute "safeguards a parent's fundamental rights by imposing a high evidentiary standard—that is, by requiring a non-parent seeking a substitute guardianship to establish the need for it by clear and convincing evidence."  In re Guardianship of Nicholas P., 162 N.H. at 205.  "While there is a presumption that fit parents act in the best interests of their children, that presumption is subsumed in the clear and convincing evidence standard."  Id.

Because the State Constitution provides at least as much protection as the Federal Constitution under these circumstances, see id., we reach the same result under the Federal Constitution as we do under the State Constitution.

The father next asserts, in effect, that the evidence was insufficient to support the trial court's determination that the child's best interests "require substitution or supplementation of parental care and supervision to provide for [his] essential physical and safety needs . . . or to prevent specific, significant psychological harm to [him]."  RSA 463:8, III(b).  However, the father has not provided a complete record for our review.  Although he has provided hearing transcripts, he has not provided the exhibits entered in those hearings.  Nor has he provided all of the pertinent pleadings in the case, such as the original petition for guardianship, the April 2013 agreement under which the petitioners became the child's temporary guardians, the mother's motion to terminate the guardianship, and any pleadings that the father may have filed in which he objected to the award of permanent guardianship to the petitioners.

It is the burden of the appealing party, here the father, to provide this court with a record sufficient to decide his issues on appeal.  See Rix v. Kinderworks Corp., 136 N.H. 548, 553 (1992); see also Sup. Ct. R. 13.  Absent a complete record, we must assume that the evidence was sufficient to support the trial court's decision.  See In re Guardianship of Nicholas P., 162 N.H. 199, 202 (2011).  Our review is limited to legal errors apparent on the face of the record.  See Rix, 136 N.H. at 553.

2

To the extent that the father argues that the trial court's determination is erroneous as a matter of law, we disagree. The trial court found that the child, who at the time of the court's order was five years old, had lived with the petitioners since he was approximately two years old. He has developmental delays as a result of a missing chromosome.

The court found that the father lacks a "meaningful understanding" of the child's special needs, did not take steps to provide a safe and violence-free home for the child, has not paid child support for the child since March 2013 or contributed financially to the child's preschool costs, and has never taken "the full amount of parenting time available to him." Given the father's limited contact with the child and the father's limited role in the child's life, and in light of the child's deep bond with the petitioners, the trial court found that the child "would suffer specific significant psychological harm if a permanent guardianship did not issue." We cannot conclude that this determination was erroneous as a matter of law. See In re Guardianship of Reena D., 163 N.H. at 110.

We have reviewed the father's remaining arguments and conclude that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

                                        Affirmed.

Hicks, Lynn, and Bassett, JJ., concurred.

                              **Eileen Fox,**
                               **Clerk**