**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0656, <u>Jessica Jacqueson v. TangID Automotive, LLP a/k/a AAMCO Transmissions & Total Care</u>, the court on May 3, 2019, issued the following order:**

Having considered the brief filed by the plaintiff, Jessica Jacqueson, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals an order recommended by a Judicial Referee (<u>Kent</u>, R.) and approved by the Circuit Court (<u>Lyons</u>, J.) entering judgment for the defendant, TangID Automotive, LLP a/k/a AAMCO Transmissions & Total Care, on the plaintiff's small claims action seeking reimbursement for the $5,261.80 she expended to repair her vehicle. We affirm.

The trial court concluded that the plaintiff failed to meet her burden of proving that the defendant acted negligently. On appeal, the plaintiff contends that: (1) the defendant violated the New Hampshire Consumer Protection Act (CPA) "due to [its] misleading and inability to repair [her] vehicle appropriately and in a timely manner"; and (2) the record does not support the trial court's findings. As to her first argument, the plaintiff has failed to demonstrate that she raised her CPA claim in the trial court. As to her second argument, the plaintiff has failed to provide a record sufficient for our review.

It is the burden of the appealing party, here the plaintiff, to provide this court with a record sufficient to decide her issues on appeal, as well as to demonstrate that she raised her issues before the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see also</u> <u>Sup. Ct. R.</u> 13. Here, the plaintiff has not provided a copy of her small claims complaint as part of the appellate record. Nor has she provided a copy of the transcript of the hearing on the merits. Thus, we decline to address the plaintiff's CPA claim because she has not demonstrated that she raised this claim in the trial court. Moreover, absent a transcript, we must assume that the evidence was sufficient to support the trial court's decision, and our review is limited to legal errors apparent on the face of the record. <u>Rix v. Kinderworks Corp.</u>, 136 N.H. 548, 553 (1992). Because the plaintiff has failed to persuade us that the trial court committed legal error, we uphold its decision. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,<br>Clerk**