# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0146, <u>Chester Rogers v. James Confalone,</u> the court on September 16, 2019, issued the following order:**

Having considered the brief filed by the defendant, James Confalone, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals an order of the Circuit Court (<u>Leonard</u>, J.) entering judgment in favor of the plaintiff, Chester Rogers, on the plaintiff's small claim seeking payment for a real estate appraisal he prepared for the defendant. We affirm.

The trial court recited the following facts in its order. The defendant retained the plaintiff's services to appraise land in Big Moose Township, Maine. Under their written agreement, the defendant agreed to pay the plaintiff $4,000 for his services and 18% per annum interest. After the plaintiff completed the appraisal, the defendant refused to pay the agreed-upon amount because the plaintiff prepared the appraisal without visiting the property.

The plaintiff subsequently sued the defendant to recover payment for his services. The trial court held an evidentiary hearing at which the plaintiff testified that he informed the defendant that he would be unable to visit the property and that, under the Uniform Standards of Professional Appraisal Practice, it is acceptable to appraise a property without personally visiting it. The plaintiff also stood by his appraisal of the property. At the hearing, the defendant asserted that the appraised value was too low because the plaintiff failed to visit the property and that the plaintiff took an unreasonable period of time to complete the appraisal.

The trial court found that the parties agreed to the terms of the contract, that the plaintiff completed the appraisal in accordance with industry practices, that the parties had not agreed in writing that the appraisal would be completed on a date certain, and that the plaintiff did not take an unreasonable period of time to complete the appraisal. The court observed that the defendant "is unhappy with the appraised value of the property and does not want to pay the plaintiff's invoice for services." The court ruled in favor of the plaintiff, concluding that he "is now entitled to be paid for his services."

We will uphold the trial court's findings and rulings unless they are not supported by the evidence or are legally erroneous. <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003). Our standard of review is not whether we would rule

differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence.  Id.

On appeal, the defendant argues that the trial court misjudged the parties' relative credibility and failed to afford sufficient weight to certain evidence.  However, we defer to the trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given to the evidence.  Id.

To the extent that the defendant asserts that the evidence does not support the trial court's factual findings, we observe that he has failed to provide a sufficient record for our review.  It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also Sup. Ct. R. 13.  The defendant has not met this burden by, for instance, providing, as part of the appellate record, the transcript of evidentiary hearing on the merits held on January 15, 2019.  Absent a sufficient record, we must assume that the evidence was sufficient to support the trial court's decision.  See Rix v. Kinderworks Corp., 136 N.H. 548, 553 (1992).

Moreover, to the extent that the defendant argues that the trial court misinterpreted the parties' written contract, he has not provided a copy of it for our review.  As the appealing party, the defendant has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that he has not demonstrated reversible error.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2