# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0151, <u>A.L. v. A.L.</u>, the court on June 30, 2022, issued the following order:**

Having considered the briefs filed by the parties and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). The defendant, A.L., appeals a domestic violence order of protection entered by the Circuit Court (<u>Rauseo</u>, J.) upon the petition of the plaintiff, the defendant's sibling. We affirm.

To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. <u>L.C. v. W.C.</u>, 174 N.H. 355, 358 (2021). RSA 173-B:1, I, defines "[a]buse" as "the commission or attempted commission" by "a family or household member or by a current or former sexual or intimate partner" of one or more specified criminal acts "where such conduct is determined to constitute a credible present threat to the [plaintiff's] safety." RSA 173-B:1, I (Supp. 2021). Such abuse may include "[a]ssault or reckless conduct as defined in RSA 631:1 through RSA 631:3." RSA 173-B:1, I(a). Thus, before issuing a domestic violence final order of protection under RSA chapter 173-B, a trial court must find by a preponderance of the evidence that: (1) the defendant, "a family or household member or . . . a current or former sexual or intimate partner" of the plaintiff, committed or attempted to commit one or more of the enumerated criminal acts; and (2) the defendant's conduct constituted "a credible present threat" to the plaintiff's safety. RSA 173-B:1, I; see <u>L.C.</u>, 174 N.H. at 358-59.

On appeal, the defendant argues that the record fails to support the trial court's factual findings. In an appeal from an order on a domestic violence petition, the trial court's "findings of fact shall be final," and we review its rulings on "questions of law" <u>de novo</u>. RSA 173-B:3, VI (2014). We review sufficiency of the evidence claims as a matter of law, upholding the trial court's findings and rulings unless they lack evidentiary support or are tainted by error of law. <u>Achille v. Achille</u>, 167 N.H. 706, 715 (2015). When performing this review, we accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. <u>Id</u>. at 715-16. We view the evidence in the light most favorable to the prevailing party — here, the plaintiff. See <u>id</u>.

It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal. See <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see also</u> <u>Sup. Ct. R.</u> 13. Although

the defendant has provided a transcript of the proceedings, he has not provided the plaintiff's petition or her affidavit and has not provided the text messages entered into evidence at the hearing.  Absent these portions of the record, we must assume that the evidence supports the trial court's findings.  See Bean, 151 N.H. at 250; Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (explaining that the rules of appellate practice are not relaxed for self-represented litigants).  Our review is limited to legal errors apparent on the face of the record. Rix v. Kinderworks Corp., 136 N.H. 548, 553 (1992).  Based upon the record submitted on appeal, we are unable to conclude that the trial court committed legal error.  See id.  We, therefore, uphold its decision.  See id.

To the extent that the defendant argues that the Trial Court (Curran, J.) erred when it denied his motion to reconsider and to reopen the record, we uphold its decision as a sustainable exercise of discretion.  We have reviewed the defendant's remaining arguments and conclude that they lack merit and warrant no further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993). All issues that the defendant included in his notice of appeal, but did not brief, are deemed waived.  See In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**