Merrimack
No. 80-297

THE STATE OF NEW HAMPSHIRE

v.

JOHN W. MIKOLYSKI

March 6, 1981

*Gregory H. Smith*, acting attorney general (*David L. Harrigan*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, of Concord, appellate defender, by brief for the defendant.

PER CURIAM. The issue in this armed robbery case is whether the trial court abused its discretion when it refused to allow defense counsel to withdraw on the day of trial. We find no abuse of discretion.

On November 6, 1979, the defendant was arrested and charged with the armed robbery of a Cumberland Farms Store in Franklin on April 28, 1979. After a trial on June 9 and 10, 1980, a jury convicted the defendant, and the Court (*DiClerico*, J.) sentenced him to not less than seven and one-half nor more than fifteen years in prison.

The defendant was represented in these proceedings by the Merrimack County Public Defender. On the morning of June 9, 1980, the first day of trial, defense counsel had requested that he be allowed to withdraw from the case on the ground that the defendant was dissatisfied with his services as an attorney. The court held a hearing on this motion and asked the defendant to state the basis for this request. The defendant's response did not reveal any specific reasons for his dissatisfaction except that his counsel would not raise certain undisclosed "defenses." The court denied the motion, telling the defendant that he had "not presented sufficient reasons to me at this time to permit Mr. Lange to withdraw." The sole issue is the propriety of the court's ruling on the motion to withdraw.

Prior to trial, defense counsel moved to suppress the victim's out-of-court identification of the defendant and to voir dire individual jurors. The court denied these motions but granted defense counsel's motion for a change of venue. During the trial, defense counsel made an opening statement, conducted competent cross-examination of the State's witnesses, including a thorough examination of the victim regarding her ability to identify the defendant, examined the police officers who had exhibited photographs to the victim regarding any improper suggestions they might have made at the pre-trial identification, and moved to dismiss at the close of the State's case. He also made a closing argument to the jury. Thus, a review of the record reveals that counsel gave a creditable performance on behalf of the defendant, and there is no claim made that counsel was ineffective.

■■ Public defenders should be used when they are available, and defendants are not entitled to have other counsel appointed absent good reason. A defendant's own dissatisfaction with his attorney which is not founded upon a sufficient, articulated basis is not reason enough to require a court to grant a defendant's request that new counsel be appointed. It has been held that even when a defendant retains his own counsel he does not have the absolute right to a particular lawyer. *United States v. Poulack*, 556 F.2d 83, 86 (1st Cir.) (and cases cited), *cert. denied*, 434 U.S. 986 (1977). A defendant who is given the services of counsel at state expense certainly is entitled to no greater right. Even on appeal to this court, the defendant does not show any valid reasons for his dissatisfaction with the public defender.

118

 Whether a continuance should be granted in order to enable a defendant to obtain new counsel is within the discretion of the trial court. *United States v. Poulack, supra* at 86; *see State v. Taylor*, 118 N.H. 859, 862, 395 A.2d 1239, 1241 (1978). Considering all the circumstances, we find no abuse of discretion. *See State v. Linsky*, 117 N.H. 866, 879–80, 379 A.2d 813, 822 (1977).

*Appeal dismissed; affirmed.*