Belknap
No. 91-555

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL EMANUEL

October 21, 1994

58

*Jeffrey R. Howard,* attorney general (*Donald Feith,* senior assistant attorney general, on the brief, and *John P. Kacavas,* assistant attorney general, orally), for the State.

*Michael S. Emanuel,* on the brief, *pro se,* and *Tamminga & Tamminga,* of Belmont (*Roland R. Tamminga* orally), for the defendant.

THAYER, J. The defendant, Michael Emanuel, appeals from his conviction for theft by unauthorized taking, RSA 637:3 (1986), based on a jury verdict in the Superior Court (*O'Neil,* J.). The defendant argues that the trial court erred: (1) by allowing defense counsel to withdraw six days prior to trial; (2) by failing to adequately inform the defendant of the risks of self-representation and securing a knowing and intelligent waiver of his right to representation; and (3) by denying the defendant a continuance to retain new counsel. We find that the trial court erred in allowing defense counsel to withdraw, and for the reasons that follow, we reverse and remand. That issue is dispositive; therefore, we need not consider the defendant's other arguments.

On April 18, 1991, the Belknap County Grand Jury indicted the defendant. The superior court arraigned the defendant on May 8, 1991, and scheduled a trial for August 12, 1991. The defendant appeared at a pretrial conference on August 1, 1991, at which time he was unrepresented by counsel. On August 9, 1991, Attorney

Brian Stern filed an appearance on behalf of the defendant and requested a continuance. The trial court granted the continuance and rescheduled the trial for October 28, 1991.

On October 11, 1991, Attorney Stern moved to withdraw, citing the defendant's refusal to pay legal fees as the sole ground for the motion. At a hearing on October 22, 1991, the defendant objected to the motion and informed the court that some payment had been made to Attorney Stern but that the defendant objected to Attorney Stern's request for an additional $3500 retainer. The court advised the defendant that if he and Attorney Stern failed to work out a suitable payment agreement, the court would allow Attorney Stern to withdraw and the defendant would have to represent himself.

The defendant and Attorney Stern were unable to work out their financial differences. On October 23, 1991, the court allowed Attorney Stern to withdraw over the defendant's objection and found that the defendant had "knowingly and intelligently given up his right to an attorney and by his actions ha[d] waived his right to counsel."

On October 28, 1991, the day scheduled for jury selection, the defendant moved for a continuance to obtain an attorney. The court denied the motion and informed the defendant that the jury would be drawn that day. The court informed the defendant that if he could retain an attorney by the beginning of the trial he could be represented, but that no more continuances would be entertained.

The trial began on Thursday, October 31, 1991. At that time, the defendant proceeded *pro se* but had the assistance of Attorney Michael Tocci as a technical advisor. On November 5, 1991, the defendant was found guilty of theft by unauthorized taking.

On appeal, the defendant argues that the trial court erred in allowing defense counsel to withdraw only six days prior to jury selection, based solely on a dispute regarding legal fees. The fee agreement between the defendant and Attorney Stern provided for a retainer of $1000 and an hourly rate of $95. The agreement also stated that any work done by an associate attorney or non-attorney would be billed at a lower rate. The lower fee was not specified and was disputed. All fees were to be paid within thirty days of presentment of statements, and the retainer replenished if it went below $200. The defendant paid the $1000 retainer and an additional $500. The dispute arose when Attorney Stern requested an additional retainer of $3500. The defendant refused to pay this amount because he disputed earlier charges and alleged that he

had not been given statements of the fees as required by the fee agreement.

The decision to allow defense counsel to withdraw after a case has been set for trial is grounded in the trial court's sound discretion and will not be disturbed absent a clear showing of abuse or error. *State v. Dukette,* 127 N.H. 540, 543, 506 A.2d 699, 703 (1986); *State v. Linsky,* 117 N.H. 866, 879–80, 379 A.2d 813, 822 (1977). We hold that the court abused its discretion when it allowed Attorney Stern to withdraw, six days before trial, without making a proper inquiry into the existence of good cause and possibility of unfair prejudice to the defendant.

■■ Under New Hampshire Superior Court rules, an attorney in a case that has been assigned for trial can withdraw from representation only if granted permission by the court upon a showing of good cause. SUPER. CT. R. 15. Good cause determinations are generally in the discretion of the court and depend upon such considerations as proximity of the trial date and possibility for the client to obtain other representation. *Dukette,* 127 N.H. at 543, 506 A.2d at 703; *State v. Mikolyski,* 121 N.H. 116, 427 A.2d 20 (1981); *Linsky,* 117 N.H. at 880, 379 A.2d at 822. Once the trial court has determined that good cause for withdrawal exists, an inquiry must be made to determine whether allowing withdrawal will unfairly prejudice the defendant.

■■ Prior to the trial court's ruling in this case, the rules of the superior court were amended to provide that "[a] factor which may be considered by the Court in determining whether good cause for withdrawal has been shown is the client's failure to meet his or her financial obligations to pay for the attorney's services." SUPER. CT. R. 15. The New Hampshire Rules of Professional Responsibility provide additional guidance in determining whether "good cause" exists. The rules do not create substantive rights in third parties, but they may be considered in evaluating whether withdrawal should be allowed. *See State v. Decker,* 138 N.H. 432, 641 A.2d 226 (1994). Rule 1.16(b)(4) provides that a lawyer may withdraw if a "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services." N.H. R. PROF. CONDUCT 1.16(b)(4). That right to withdraw has been limited to the extent that "a lawyer *shall not withdraw* from employment *until he has taken reasonable steps to avoid foreseeable prejudice* to the rights of the client, including . . . allowing time for employment of other counsel." *Id.* (emphasis added). The New Hampshire Comments to this rule note that it has been modified from the model rules to insure that a lawyer cannot withdraw for

nonpayment of fees if the withdrawal would "materially prejudice the rights of the client." *Id.* New Hampshire Comments.

█ This case is the first this court has faced in which a dispute regarding fees constituted the sole reason for allowing an attorney to withdraw. In a case such as this, the trial court must consider the facts surrounding the dispute in order to determine how and why the dispute arose. That determination is relevant not only to a determination of good cause, but also to the determination of prejudice to the defendant. Of course, it is not necessary for a trial judge in a criminal case to conduct a civil hearing and resolve the fee dispute; it is sufficient to make a limited inquiry in order to determine whether a good faith dispute exists or if one of the parties has manufactured the dispute for other purposes. If a court were to find that the defendant's failure to pay attorney's fees was simply a dilatory tactic, then obviously that could weigh in favor of a finding of good cause and mitigate any prejudice that might result. Alternatively, if there existed a good faith dispute and no other grounds for withdrawal, then allowing withdrawal on the eve of trial without time to obtain substitute counsel may very well be unfairly prejudicial.

In this case, the trial court refused to consider the defendant's reasons for failing to meet Attorney Stern's demands stating: "It's not for me to interfere, for me to say you're paying too much, you're paying too little, he's not providing the services." The trial court simply informed the defendant that he could either pay his attorney or go forward unrepresented. Attorney Stern informed the trial court that his request for an additional $3500 retainer was not negotiable. The trial court's failure to explore the basis of the fee dispute was reversible error. In refusing to address the grounds for the dispute, the court was refusing to exercise its discretion over the matter. The trial court in this instance relied solely on the fact that the defendant had the resources to pay his attorney, failing to look further into the basis of the dispute. As a result, the trial court was unable to weigh properly the existence of good cause against the potential prejudice to the defendant. It is hard to imagine how the defendant's rights could have been more prejudiced than by being forced to represent himself at his felony trial. *Cf. Gibbs v. Lappies,* 828 F. Supp. 6, 8 (D.N.H. 1993) (relying on Rule 1.16(b)(4) to deny withdrawal *three months* before trial as prejudicial to defendant despite the fact that attorney had not been paid). This prejudice may have been mitigated had the court found that the fee dispute was solely a creation of the defendant or if a continuance had been granted, but as these events did not occur, we cannot speculate as to their merits.

■ ■ A client's failure to pay legal fees may be a factor in determining whether good cause for withdrawal has been shown, but a good faith dispute over a fee agreement may not be sufficient, standing alone, to allow withdrawal. It is the attorney's responsibility to ensure that satisfactory financial arrangements are made prior to appearing as counsel for a defendant. *Gibbs,* 828 F. Supp. at 8. Attorney Stern informed the trial court that when he was originally retained by the defendant he accepted a retainer that was less than he ordinarily would require because he "was trying to accommodate [the defendant's] financial circumstances and take it in smaller increments so as not to burden him." Once an attorney agrees to a specific retainer, he bears the risk that the defendant will object to a later increase in that retainer. *Id.; People v. Kinion,* 454 N.E.2d 625, 629–30 (Ill. 1983). Should a later fee dispute develop, "the attorney must give specific and reasonable notice so that the client may have adequate time to secure other counsel and so that he may be heard if he disputes the charge of nonpayment." *Smith v. Bryant,* 141 S.E.2d 303, 306 (N.C. 1965).

The cases relied on by the State in arguing that the trial court properly granted Attorney Stern's motion to withdraw are distinguishable. While it is true that "the right to counsel is not a right to [engage] in dilatory tactics," *Dukette,* 127 N.H. at 543, 506 A.2d at 703, in each of the cases cited by the State, the defendant was given a choice between staying with the counsel he had or going forward unrepresented. *E.g., State v. Linsky,* 117 N.H. at 880, 379 A.2d at 822. The defendant in this case was not confronted with that choice. The trial court instructed him to reach an agreement with his attorney after the attorney stated that he would not negotiate. In essence, the trial court's ruling forced the defendant to choose between paying an amount that exceeded his original fee agreement or going forward unrepresented. Such a choice amounts to forcing the defendant to renounce his right to counsel and to proceed *pro se. Cf. Commonwealth v. Cavanaugh,* 353 N.E.2d 732, 737 (Mass. 1976).

The State argues that the defendant's refusal to pay his legal fees was simply a tactic to delay the trial. Unfortunately, the trial court failed to make a sufficient inquiry into the facts surrounding the fee dispute to be able to make such a conclusion properly. Additionally, the State fails to recognize that any delay that resulted from the defendant's nonpayment of fees could have been as easily avoided by refusing to allow Attorney Stern to withdraw. "If trial on the appointed day was deemed imperative, leave to withdraw should have been denied . . . and counsel should have

been required to proceed." *Imhoff v. Hammer,* 305 A.2d 325, 326 (Del. 1973) (footnote omitted).

█ We hold that a fee dispute may be sufficient "good cause" to allow a criminal defense attorney to withdraw from representation on the eve of trial, but that a trial court must make a proper inquiry into the facts surrounding the dispute in order to determine the potential prejudice to the defendant. Failure to make such an inquiry is an abuse of discretion.

*Reversed and remanded.*

BROCK, C.J., did not sit; the others concurred.