Strafford
No. 96-831

ROBERT DEBUTTS

v.

RON LAROCHE & a.

June 3, 1998

*Wiggin & Nourie, P.A.*, of Manchester (*Gary M. Burt* and *Ellen M. Joseph* on the brief, and *Mr. Burt* orally), for the plaintiff.

*Mulvey Professional Association*, of Portsmouth, for defendant Ron LaRoche, filed no brief.

*Devine, Millimet & Branch, P.A.*, of Manchester, for defendant Rochester School District, filed no brief.

THAYER, J. This case raises the issue of whether the Superior Court (*Mohl, J.*) abused its discretion when it dismissed the plaintiff's case for failure to attend a case structuring conference. Because the record indicates that the superior court failed to consider other possible sanctions, we reverse and remand.

The plaintiff, Robert DeButts, initiated an action against Ron LaRoche and the Rochester School District claiming he was assaulted by LaRoche. The parties agree that the alleged event occurred on the Rochester school grounds.

The superior court scheduled a case structuring conference pursuant to Superior Court Rule 62 for November 22, 1996, at 9:00 a.m. Neither DeButts nor his attorney appeared at that conference. DeButts' attorney claims that his absence was due to his secretary's failure to note the conference on his calendar.

The record reflects that the court, upon noting DeButts' failure to appear, immediately dismissed the case. The transcript and the superior court's order indicate that the court considered no sanction other than dismissal.

DeButts raises two issues on appeal. He argues, first, that the superior court's notice of the structuring conference did not adequately inform him that failure to appear could result in dismissal. Second, he contends that the superior court abused its discretion in dismissing his case. We address his arguments in turn.

DeButts' argument that the notice of the structuring conference was insufficient to inform him that his failure to appear could result in dismissal must fail. The court scheduled the structuring conference pursuant to Superior Court Rule 62. The preface to the superior court rules states that the court may deal with failure to comply with any rule "as justice may require." SUPER. CT. R. Preface. Further, Rule 62 itself states that "[f]ailure to comply with this rule shall constitute grounds for sanctions, including entry of nonsuit, default or such other order as justice may require." SUPER.

CT. R. 62. The language in the court's notice of the structuring conference closely tracked the provisions of Rule 62. The court entitled the notice, "Notice of Structuring Conference." It informed counsel that "ten (10) days prior to the conference, all parties shall file summary statements necessary to support their respective claims, defences [*sic*] or counterclaims. The summary statement shall be comprehensive and made in good faith, but shall not be admissible at trial." *Cf.* SUPER. CT. R. 62.

■ Counsel and *pro se* litigants are responsible for knowing the content of the court rules applicable to their actions. *Cf. American Bd. of Trade, Inc. v. Dun & Bradstreet, Inc.*, 122 N.H. 344, 346, 444 A.2d 550, 551 (1982) (affirming refusal to strike default judgment entered because attorney violated procedural rule); *Brady v. Duran*, 117 N.H. 275, 276-77, 372 A.2d 283, 284-85 (1977) (upholding dismissal of plaintiff's case where attorney's office personnel committed clerical error and writ not timely entered); *In re Brewster*, 115 N.H. 636, 638, 351 A.2d 889, 890 (1975) (stating that *pro se* litigants are bound by same rules of procedure as those represented by counsel). We assume counsel know the rules of the court in which they appear. While noting the possible consequences of noncompliance may be helpful to parties, failure to note sanctions does not render notice defective. DeButts' first argument fails.

■ DeButts next asserts that the superior court abused its discretion. We agree. Failure to exercise discretion constitutes an abuse of discretion. *See State v. Gardner*, 433 A.2d 249, 252 (Vt. 1981); *Bd. of Medical Practice v. Perry-Hooker*, 427 A.2d 1334, 1336 (Vt. 1981); *see also State v. Emanuel*, 139 N.H. 57, 61, 649 A.2d 53, 56 (1994); *Richelson v. Richelson*, 130 N.H. 137, 141, 536 A.2d 176, 179 (1987) (recognizing concept in dicta). Here, nothing in the record indicates that the superior court, in determining what "justice may require," exercised its discretion by considering sanctions other than dismissal. *See* SUPER. CT. R. 62; *see also* SUPER. CT. R. Preface. Accordingly, we remand to the trial court for further proceedings in order that it may exercise its sound discretion.

*Reversed and remanded.*

All concurred.