Carroll
No. 2001-755

STEVEN WHITAKER

v.

L.A. DREW, INC.

Argued: November 13, 2002
Opinion Issued: January 17, 2003

*Normand & Shaughnessy, P.A.*, of Manchester (*James B. Kazan* on the brief, and *Brian C. Shaughnessy* orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Richard E. Mills* and *Donald L. Smith* on the brief, and *Mr. Smith* orally), for the defendant.

DALIANIS, J. The plaintiff, Steven Whitaker, appeals the dismissal of his negligence action against the defendant, L.A. Drew, Inc. On appeal, he argues that the Superior Court (*Fauver*, J.) erred by: (1) requiring him to present expert testimony to support his claim of negligence; (2) granting the defendant's motion to exclude his expert because he missed a disclosure deadline; and (3) dismissing the case prior to trial because he could not present expert testimony. We affirm in part, reverse in part and remand.

The record contains the following relevant facts. On June 18, 1996, the plaintiff was instructed to drive a vibratory roller (roller), leased from the defendant, from the top of Mount Washington down the Mount

Washington Auto Road. Prior to driving the roller, the plaintiff notified his supervisor that the roller's brakes did not apply any braking force. Despite this concern, the supervisor instructed him to drive the roller, apparently because of the braking capabilities of the roller's hydrostatic transmission. The hydrostatic transmission controlled the roller's speed and could stop the roller without the use of the brakes. Because of this design, the hydrostatic transmission acted as the roller's primary braking mechanism, and the brakes were a secondary or back-up mechanism.

The plaintiff had descended approximately half-way down the road when the transmission failed to control the roller's speed, which reached twenty miles per hour. The normal top speed of the roller is approximately twelve miles per hour. The plaintiff could no longer control the roller, so he drove it into the side of the mountain to avoid hitting on-coming traffic. The plaintiff was thrown from the roller and sustained bodily injuries.

The plaintiff sued the defendant, claiming that the accident resulted from the defendant's negligent inspection and maintenance of the roller. The plaintiff specifically claimed that the roller's hydrostatic transmission and brakes failed, but conceded that the defendant was not responsible for the failure of the transmission. He based his negligence claim solely upon the lack of properly functioning brakes.

Prior to trial, the trial court established an April 1, 2000 deadline for the plaintiff to disclose information about expert witnesses whose opinions or testimony would be presented at trial. *See* SUPER. CT. R. 35(f). The plaintiff did not disclose any expert witnesses. The defendant filed a motion *in limine* on August 30, 2000, requesting that the trial court rule that the plaintiff was precluded from presenting expert testimony at trial for failure to meet the April 1 deadline. The trial court granted the motion and also ruled that the plaintiff must introduce expert testimony to prove that the lack of properly functioning brakes caused the accident.

The defendant filed a motion to dismiss, arguing that the plaintiff could not prove a *prima facie* case of negligence without expert testimony. The plaintiff objected and requested that the trial court rule that he did not need an expert witness to prove his case, or, in the alternative, grant him more time to disclose an expert witness. On March 30, 2001, the trial court denied the defendant's motion and granted the plaintiff an extension until June 15, 2001, to disclose all expert witness information pursuant to Superior Court Rule 35(f), stating: "This deadline must be strictly adhered to, failing which the plaintiff will be finally precluded from calling an expert at trial."

On April 12, 2001, the plaintiff disclosed to the defendant that Robert Holt would be his expert and included Holt's *curriculum vitae* with the

notification letter. The plaintiff requested that the defendant locate the roller and arrange a time for Holt to examine it.

Between April 12, 2001, and August 2, 2001, the plaintiff made repeated efforts to locate the roller and to obtain its serial number in order to acquire the specifications from the manufacturer, noting to the defendant that the disclosure deadline was imminent. The defendant did not respond to the plaintiff's inquiries until June 7, 2001, when it explained by letter that the roller had been sold and that it would obtain the sale information so that the plaintiff could locate the roller. The defendant provided the plaintiff with the sale information on June 26, 2001, and the roller's serial number on July 12, 2001. On August 2, 2001, the plaintiff notified the defendant that the roller had been located at a construction site in Maine and that an inspection would take place sometime within the next several weeks. Holt inspected the roller on August 13, 2001, and produced a report on August 31, 2001.

On August 13, 2001, for the first time, the defendant notified the plaintiff that it would object to the plaintiff's use of an expert because the plaintiff had not met the disclosure deadline. On September 14, 2001, the defendant filed a motion to exclude Holt's testimony. The trial court granted the motion, and the case was dismissed. The plaintiff filed a motion for reconsideration, which the trial court denied. This appeal followed.

█ The plaintiff first argues that the trial court erroneously ruled that he was required to present expert testimony to support his negligence claim. Where scientific issues would be beyond the capacity of persons of common experience and knowledge to form a valid judgment by themselves, expert evidence is required to assist a jury in its decision. *Lemay v. Burnett*, 139 N.H. 633, 634 (1995).

█ We agree with the trial court that, in this case, an expert was required to prove that the lack of properly functioning brakes caused the accident. The operation of construction equipment with complex hydrostatic transmissions is not within the common experience of jurors. The average juror could not determine whether the interaction among the slope of the road, the weight of the roller, the claimed failure of the hydrostatic transmission and the claimed failure of the brakes was such that properly functioning brakes would have prevented the accident. The plaintiff argues that because the specifications for the roller indicate that it would function on a 30% grade, the jury could reasonably infer that the brakes, had they been functioning, would have prevented the accident. This argument is unpersuasive. The specifications for the vehicle refer to the 30% grade under the propulsion specification, not the braking specification. Even if the specifications could be construed as stating that

the brakes were designed to function on a 30% grade, however, that alone would not prove that the brakes would, in fact, stop the roller under the particular conditions involved in the accident.

The plaintiff argues that the defendant's mechanic would have testified that the roller was used to perform roadside repair on steep slopes frequently without any similar accidents, thereby obviating the need for expert testimony. We disagree. Even if such testimony were to be presented, it would not assist the jury in determining whether or not properly functioning brakes would have prevented the accident, given the specific circumstances under which it occurred.

The plaintiff next argues that the trial court erred by granting the defendant's motion to exclude the testimony of the plaintiff's expert. According to the preface to the superior court rules, the trial court may waive the application of any rule "[a]s good cause appears and as justice may require." SUPER. CT. R. Preface. In reviewing a discovery sanction, we will not reverse the trial court's ruling unless it constitutes an unsustainable exercise of discretion. *See State v. Cromlish*, 146 N.H. 277, 280-81 (2001); *see also State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

The trial court granted the defendant's motion to exclude the plaintiff's expert witness because the plaintiff failed to disclose the Rule 35(f) information by June 15, 2001. In denying the plaintiff's motion for reconsideration, the trial court held that "any delay" in the plaintiff's disclosure was unjustified. The plaintiff argues that his delay in complying with the trial court's order was justified by his difficulty in arranging his expert's inspection of the roller. We agree.

The plaintiff notified the defendant that he had chosen Holt to be his expert on April 12. The plaintiff's only means of gaining access to the roller was through the defendant. The defendant did not provide the sale information for the roller until June 26 and did not provide the roller's serial number until July 12, well after the June 15 deadline. Further, even with the sales information, the plaintiff had to locate the roller and schedule an inspection while the roller was in use at a construction site in Maine. Finally, even after the deadline, the defendant apologized to the plaintiff for its inability to locate the roller's sale information and continued its efforts to obtain it. While the plaintiff should have asked the trial court for an extension of the deadline, the plaintiff could have reasonably assumed, given the defendant's conduct, that it would not object to the introduction of the expert testimony due to the late disclosure. *Cf. In re Proposed Rules of Civil Procedure*, 139 N.H. 512, 520 (1995) (noting the collegiality of our bar).

██ Given our emphasis on justice over procedural technicalities, *see id.* at 516-17, we conclude that the plaintiff's failure to meet the trial court deadline under these circumstances should not have resulted in the exclusion of the plaintiff's expert, which ultimately caused the dismissal of his case.

Because the trial court's dismissal of the case was predicated upon the exclusion of the plaintiff's expert, we conclude that the trial court erred by dismissing the case prior to trial.

*Affirmed in part; reversed in part; and remanded.*

DUGGAN, J., concurred; BARRY and COFFEY, JJ., superior court justices, specially assigned under RSA 490:3, concurred.