# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0526, <u>Discover Bank v. Mary E. Davis</u>, the court on April 28, 2015, issued the following order:**

Having considered the defendant's brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). We reverse and remand.

The defendant, Mary E. Davis, appeals an order of the Superior Court (<u>MacLeod</u>, J.) entering a final judgment in favor of the plaintiff, Discover Bank, upon her default for failing to attend the trial management conference. We construe her brief to be challenging an earlier order of the Superior Court (<u>Vaughan</u>, J.) denying her request to vacate the default.

We will not disturb a decision denying a motion to vacate a default judgment unless the trial court erred as a matter of law or engaged in an unsustainable exercise of discretion. <u>Brito v. Ryan</u>, 151 N.H. 635, 637 (2005). The trial court has broad discretion to waive the strict application of any rule for good cause and as justice may require. <u>Super. Ct. Civ. R.</u> 1(d); see <u>Anna H. Cardone Revocable Trust v. Cardone</u>, 160 N.H. 521, 525 (2010). This standard "does not explicitly bar relief from all consequences of human neglect," <u>Perron v. Aranosian</u>, 128 N.H. 92, 95 (1986), and contemplates that, in exercising its discretion, the trial court will consider whether a sanction short of dismissal or default is sufficient to remedy a party's noncompliance, see <u>DeButts v. LaRoche</u>, 142 N.H. 845, 847 (1998); <u>Perron</u>, 128 N.H. at 95. A trial court's failure to exercise its discretion is itself an unsustainable exercise of discretion. <u>DeButts</u>, 142 N.H. at 847.

The record establishes that on June 4, 2014, the defendant failed to attend a trial management conference. By clerk's notice dated June 10, 2014, the trial court issued an order granting the plaintiff's request for a default "subject to the defendant, within 10 days from the date of this order, filing a motion to establish just cause why the default should not become final."

On June 17, 2014, the defendant filed a notarized motion for "reconsideration of judgment." In the motion, she asserted that she "was not notified of the trial conference on June 4, 2014." She further asserted that the credit card account that is the subject of the action had belonged to her mother, that she had offered to make payments on it following her mother's 2007 death, and that she no longer had the ability to pay the debt. In context, we construe the pleading as a motion to strike the default for good cause and an affidavit of

defenses.  See Super. Ct. Civ. R. 42(a).  The trial court denied the motion without a hearing and without explaining its reasons.

Under the circumstances, we conclude that the trial court unsustainably exercised its discretion.  The defendant asserted in her motion, which was notarized, that she never received notice of the trial management conference.  Although it is presumed that a party has received a properly-addressed mailed communication, that presumption may be rebutted by testimony to the contrary.  See Cote v. Cote, 123 N.H. 376, 378 (1983).  Even if the defendant was at fault for not attending the trial management conference, however, nothing in the record indicates that the trial court considered lesser sanctions.  DeButts, 142 N.H. at 847.  Finally, we note that the motion indicates that the defendant may have meritorious defenses.  Specifically, her assertion that the plaintiff's claim is based upon a 2007 promise to pay the debt of a deceased person suggests that the promise may be unenforceable either for lack of consideration, see Quinn v. Tuttle, 104 N.H. 1, 4 (1962), or under the statute of frauds, see RSA 506:2 (2010), and that the action may be untimely, see RSA 508:4 (2010).  Accordingly, we reverse the trial court's orders denying the defendant's motion to vacate the default and granting the plaintiff's motion for final judgment, and remand for further proceedings consistent with this order.

Reversed and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**