**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0066, <u>Tamim Shansab & a. v. Town of Piermont</u>, the court on August 22, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse and remand.

The plaintiffs, Tamim Shansab and Melanie Shansab, appeal an order of the Superior Court (<u>MacLeod</u>, J.) denying their request to continue a case structuring conference, and dismissing their complaint against the defendant, the Town of Piermont, for not attending the structuring conference. They argue, in part, that the trial court unsustainably exercised its discretion by not imposing a sanction that was less severe than dismissal. We agree.

Upon the violation of any court rule, the trial court "may take such action as justice requires, which action may include, without limitation, the imposition of monetary sanctions against either counsel or a party, fines to be paid to the court, and reasonable attorney's fees and costs to be paid to the opposing party." <u>Super. Ct. R.</u> 1(c). By authorizing the trial court to "take such action as justice requires," Rule 1(c) necessarily contemplates that the court will consider sanctions less severe than dismissal, if appropriate, for a party's failure to attend a case structuring conference. <u>See</u> <u>DeButts v. LaRoche</u>, 142 N.H. 845, 847 (1998). The imposition of a sanction for violating a court rule is a matter left to the trial court's sound discretion. <u>See</u> <u>Lamarche v. McCarthy</u>, 158 N.H. 197, 205 (2008). The failure to exercise discretion is itself an unsustainable exercise of discretion. <u>DeButts</u>, 142 N.H. at 847.

The plaintiffs served the town with their complaint on October 1, 2015; the town filed its answer on or about October 29. On November 30, 2015, the trial court issued a notice requiring the parties to attend a case structuring conference on January 6, 2016.

On December 14, 2015, Tamim Shansab contacted counsel for the town and asked whether she would agree to continue the structuring conference because he had to travel to Afghanistan and would not be available for it. Counsel for the town initially suggested that the parties agree upon a discovery schedule and forego the need for a structuring conference. When they could not

agree upon a discovery schedule, Tamim Shansab moved to continue the structuring conference until the latter half of March 2016, asserting that he was traveling to Afghanistan on January 2 and anticipated returning before March 15. He also filed a non-lawyer affidavit pursuant to Superior Court Rule 20 and a power of attorney from Melanie Shansab, his wife, authorizing him to represent her in the case, see Super. Ct. R. 20(a)(1) & (2), and asserted in the motion to continue that he was "the only one able to prosecute this case in the courts." The town objected, arguing that: (1) Melanie Shansab was able to attend the structuring conference; (2) Tamim Shansab was able to participate by telephone; and (3) the plaintiffs were obligated to "prosecute [the case] in a timely manner." The plaintiffs filed a response, asserting that Tamim Shansab would not be available for a conference call from Afghanistan, that Melanie Shansab took care of the parties' young children and would not be available to attend the structuring conference, and that Melanie Shansab had authorized Tamim to represent her in the case.

The trial court denied the motion to continue by order dated December 28, 2015. On January 2, 2016, the plaintiffs moved for reconsideration, asserting that Tamim Shansab had to leave for Afghanistan on January 2 to attend to "compelling" affairs, and not for "vacation" purposes, that he was not comfortable disclosing the nature of his affairs in a public filing, but that if the court needed to know the reasons for his travel, he would disclose them. The structuring conference went forward on January 6 without either Tamim Shansab or Melanie Shansab present, and the town requested that the trial court dismiss the case. By order dated January 7, 2016, the trial court denied the motion for reconsideration and granted the town's request to dismiss the case, reasoning that: (1) Superior Court Rule 5 requires the structuring conference to be held within seventy-five days after the answer is filed; (2) the plaintiffs are obligated to pursue their case in a timely manner; (3) the plaintiffs had presented no explanation for Tamim Shansab's "prolonged absence from the jurisdiction"; (4) Melanie Shansab had not moved to continue the structuring conference; and (5) neither plaintiff had requested to participate by telephone. This appeal followed.

We agree with the plaintiffs that the trial court could have simply adopted the town's proposed structuring order, which it had submitted with its objection to the motion to continue. The trial court likewise could have ordered the plaintiffs to reimburse the town for the costs and attorney's fees that it incurred in attending the structuring conference. See Perron v. Aranosian, 128 N.H. 92, 95 (1986). Nothing in the trial court's order suggests, however, that it considered any sanction other than dismissal in determining what justice required. See DeButts, 142 N.H. at 847. Under the circumstances of this case, and in view of "our emphasis on justice over procedural technicalities," Whitaker v. L.A. Drew, 149 N.H. 55, 59 (2003), we conclude that the trial court unsustainably exercised

2

its discretion in dismissing the case, and remand so that the trial court may exercise its sound discretion, <u>DeButts</u>, 142 N.H. at 847.

<u>Reversed and remanded</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
