# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0218, <u>In the Matter of Kathleen Gainor-Ghobashi and Mohamed Ghobashi</u>, the court on December 21, 2017, issued the following order:**

The request in the petitioner's reply brief to strike the respondent's opposing brief is denied. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Kathleen Gainor-Ghobashi (wife), appeals the order of the Circuit Court (<u>Pendleton</u>, J.) granting her petition for a divorce from the respondent, Mohamed Ghobashi (husband) and denying her request for an annulment. The wife argues that the trial court erred in failing to order the husband to provide a certified, translated divorce decree showing that he was divorced from a prior wife.

On appeal, we will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or legally erroneous. <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002). The wife argues that she provided sufficient circumstantial evidence at the final hearing to create a presumption that the husband remained married when she married him in 2012. She relies primarily on court documents filed in Polk County, Iowa, where the husband lived before the prior wife returned to Egypt, where they were married. The court documents include a November 19, 2001 agreement between the husband and the prior wife bearing their notarized signatures, in which they stated that they were married in Cairo, Egypt, on April 1, 1999, and that they were still married. However, the documents also include the husband's 2007 verified petition to establish custody of his children, in which he stated that the prior wife had commenced divorce proceedings in Egypt.

The husband testified that he was divorced from the prior wife. To support his testimony, he provided a copy of what he represented to be an Egyptian divorce decree. The document is written in Arabic, was not translated into English, and was not certified.

In denying the wife's request for annulment, the trial court ruled that she had provided insufficient evidence to prove that the husband was married when she married him in 2012. The wife does not dispute the trial court's ruling that she bore the burden of proof on her request for annulment. <u>See</u>, <u>e.g.</u>, <u>Dunlop v. Daigle</u>, 122 N.H. 295, 298 (1982) ("In a civil action the burden of

proof is generally on the plaintiff.").  She argues, however, that given the circumstantial evidence that she provided suggesting that the husband was still married to the prior wife, the court erred in declining to shift the burden to him to produce a certified, translated copy of the divorce decree.

Based upon this record, we cannot conclude that the trial court erred by not requiring the husband to produce a certified, translated copy of the divorce decree.  We conclude that the husband's evidence was sufficient to rebut the suggestion that he was still married in 2012.  The husband represented that he was divorced from the prior wife, and as the trial court noted, "the Iowa pleadings are public acknowledgements that he was subject to an Egyptian Divorce in 2007," five years before he married the wife.

The wife also argues that the court erred by not ordering the husband to provide a certified, translated copy of the divorce decree as a sanction for his discovery violations.  The trial court has broad discretion in managing discovery and imposing discovery sanctions.  Whitaker v. L.A. Drew, 149 N.H. 55, 58 (2003).  We will not disturb the trial court's ruling unless it constitutes an unsustainable exercise of discretion standard.  Id.  Nothing in the record suggests that the husband had in his possession a certified, translated copy of the divorce decree, which he failed to produce in response to a proper discovery request.  Based upon this record, we cannot conclude that the trial court's decision constitutes an unsustainable exercise of discretion.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.


**Eileen Fox,
Clerk**

2