# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0201, <u>In the Matter of Lisa Rasmussen and Robert Rasmussen</u>, the court on July 14, 2021, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The respondent, Robert Rasmussen, appeals the final decree of the Circuit Court (<u>Pendleton</u>, J.), following a three-day hearing, in his divorce from the petitioner, Lisa Rasmussen. On appeal, the respondent challenges the trial court's findings and rulings on numerous grounds, arguing that the trial court erred when it: (1) valued the parties' custom blind business at $340,000 for the purposes of distribution of the marital property; (2) ordered the respondent to pay the petitioner for her 50% share of the business within 180 days of the final order; (3) failed to specify how the parties' tax liabilities should be allocated between them; (4) calculated the respondent's income based in part on his expenses for purposes of determining the alimony award; (5) awarded alimony in the amount and duration it ordered; (6) ordered the respondent to obtain life insurance to secure the alimony award; (7) failed to require the petitioner to offer health insurance coverage to the respondent; (8) admitted evidence related to the parties' settlement discussions at the final hearing; (9) failed to rule on the findings of fact and rulings of law submitted by both parties; and (10) ordered the respondent to pay a portion of the petitioner's expert witness fees as a sanction for the respondent's discovery practices. We affirm.

A trial court has broad discretion in fashioning a final decree of divorce. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). This discretion extends to all the issues the respondent raises in this appeal, and, therefore, we will not overturn the trial court's rulings or set aside its factual findings absent an unsustainable exercise of discretion. <u>See, e.g.</u>, <u>In the Matter of Cottrell & El-Sherif</u>, 163 N.H. 747, 749 (2012) (valuation of a marital asset is a question of fact within the trial court's discretion); <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 34 (2002) (matters of property distribution and alimony are within the trial court's discretion); <u>In the Matter of Kamil & Kamil</u>, 173 N.H. 424, 437 (2020) (reviewing trial court's decision on admissibility of evidence under unsustainable exercise of discretion standard); <u>Magrauth v. Magrauth</u>, 136 N.H. 757, 760-62 (1993) (reviewing trial court's failure to make sufficient findings and rulings under unsustainable exercise of discretion standard); <u>Whitaker v. L.A. Drew</u>, 149 N.H. 55, 58 (2003) (reviewing trial court's decision to impose discovery sanction under unsustainable exercise of discretion

standard); see also Fam. Div. R. 1.25(L) ("The Court, in its discretion, may sanction any party including through the use of fees and costs, for abusing the discovery process."). To show that the trial court's decision is not sustainable, the respondent must demonstrate that the court's rulings were clearly untenable or unreasonable to the prejudice of his case. State v. Lambert, 147 N.H. 295, 296 (2001).

We first address the respondent's argument that the trial court erred when it valued the parties' custom blind business at $340,000 for the purpose of the final distribution of marital property. He asserts that the trial court failed to make any specific findings regarding the parties' dueling expert reports and that, based on the trial court's order, "[i]t is impossible to discern . . . how the trial court arrived at its value for the business." Following oral argument, we remanded this case to the trial court for the limited purpose of having it further explain its reasoning regarding the valuation of the business. The trial court subsequently filed a three-page single-spaced order with this court describing — in detail — how it arrived at the valuation figure of $340,000, including the extent to which it credited the parties' experts, its consideration of business debt, and its application of a marketability discount. We then permitted the parties to file supplemental memoranda on that issue.

As the appealing party, the respondent has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based on our review of the trial court's original and supplemental orders, the respondent's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the respondent has not demonstrated reversible error as to the business valuation. See id.

We next consider the respondent's second challenge to the court's rulings with respect to the parties' custom blind business. The respondent argues that the trial court erred when it ordered him to pay the petitioner $170,000 for her 50% share of the business within 180 days of the final order, without providing for a situation in which he "is unable to pay the required amount within the specified time." He also asserts that the trial court's order fails to contemplate, and provide for, a situation in which he may have to sell the business to buy out the petitioner, but is unable to sell the business for at least $340,000. We disagree.

We construe the trial court's orders to address both situations. See State v. Surrell, 171 N.H. 82, 88 (2018) ("The interpretation of a trial court order presents a question of law for us to decide."). Regarding the requirement that the respondent pay the petitioner within 180 days of the final order, the trial court's order on the respondent's motion to reconsider states that the respondent "is required to make a good faith effort to pay the amount required under the Order in the time allotted." (Emphasis added.) We interpret this language as leaving open the possibility that, if after making a good faith effort

2

to do so, the respondent cannot satisfy his obligation within the specified time, he may request that the trial court reconsider the payment deadline.

The trial court's orders also contemplated that the respondent might need to sell the business to satisfy his obligation to pay the petitioner $170,000. In its order on the motion to reconsider, the court clarified that it would not allow the respondent to simply sell the business and allocate 50% of the profits to the petitioner — whatever amount that may be. Instead, it stated that, if the respondent wished to sell the business, he would need to pay the petitioner $170,000 and that this amount would not be "reduced because [the respondent] achieves a lower sale price." Thus, the trial court did contemplate a circumstance in which the respondent might have to sell the business to satisfy the order, and that the sales price might not meet or exceed $340,000.

To the extent the respondent also argues that if he were to sell the business for less than $340,000, the $170,000 payment to the petitioner would provide the petitioner with more than 50% of the marital property, we disagree. We have already determined that the trial court's valuation of the business at $340,000 at the time of the final decree was sustainable. Accordingly, the court's order that the respondent pay the petitioner $170,000 within six months of the final decree awarded the petitioner exactly 50% of the value of the business. That the business might sell for less than $340,000 well over a year after the court's final order was issued does not mean that the court ordered an unequal distribution of marital property in the final divorce decree. In addition, we observe that, if the business were to sell for more than $340,000, the court's order would allow the respondent to retain more than 50% of the sales price. For all these reasons, we conclude that the respondent has not met his burden of demonstrating reversible error with respect to the court's orders regarding when the respondent must pay the petitioner for her share of the business and how the sale of the business might impact the petitioner's share. See Gallo, 166 N.H. at 740.

The respondent raises eight additional arguments as to why the trial court erred. Based on our review of the trial court's orders, the respondent's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the respondent has not satisfied his burden of demonstrating reversible error on any of these additional grounds. See id.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3