# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0271, <u>Lise Mahoney & a. v. Samantha L. Anderson & a.</u>, the court on October 18, 2022, issued the following order:**

Having considered the briefs of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The defendants, Beau McHugh and Samantha McHugh (formerly Samantha Anderson), appeal orders of the Superior Court (<u>St. Hilaire</u>, J.), which: (1) entered default against them on the complaint of the plaintiffs, Lise and Peter Mahoney, to quiet title and for injunctive relief; (2) denied the defendants' motion to strike the default; (3) entered a final decree against them based on their default; (4) dismissed their counterclaim following entry of the final decree; and (5) denied their "Motion to Inform" the court of certain conduct by the plaintiffs that they contended warranted entry of a restraining order. We affirm in part, vacate in part, and remand.

## I. Facts

The following facts relate the content of documents in the appellate record. The plaintiffs filed their complaint on December 4, 2020. The matter was set for a January 7, 2021 hearing. On January 4, 2021, the defendants filed a motion requesting additional time to answer the complaint. The plaintiffs objected in part, but agreed to continue the January 7 hearing to January 28 and to allow the defendants until February 27 to file their answer. The trial court held a brief hearing on January 7 at which the defendants explained that they intended to file a counterclaim but were having difficulty doing so electronically. The trial court continued the matter until March 3 and gave the defendants until February 27 to answer the complaint.

On February 25, rather than file an answer to the complaint, the defendants filed a counterclaim to quiet title and for injunctive relief. On March 1, the plaintiffs moved for default because the defendants had not filed an answer to the complaint. The plaintiffs also moved to strike the defendants' counterclaim because it had not been filed electronically.

The trial court held a hearing on the plaintiffs' motions on March 3. Regarding the plaintiffs' motion for default, the defendants expressed confusion about how to answer the complaint electronically and offered to answer it at the hearing. They explained that they spoke "with the clerks in the court" and "ask[ed] [the clerks] what [the defendants] needed to submit." The defendants

said they "were unaware [they] needed [to file] anything other than the counterclaim." They further explained that they "thought the counterclaim was the answer."

The trial court granted the plaintiffs' motion for default.[1] The trial court then denied the plaintiffs' motion to strike the defendants' counterclaim, ruling that the failure to file it electronically was a "minor" defect that did not warrant dismissal. In its narrative order, the court explained that the defendants "substantially complied with the filing requirement and no prejudice has been placed upon the plaintiff[s]."

On March 9, the plaintiffs filed a motion pursuant to Superior Court Rule 42(d) for entry of a final decree quieting title to the subject property in the plaintiffs. On March 15, the defendants, with their newly retained counsel, filed a motion to strike the default and a motion to treat their counterclaim as an answer. Accompanying their motion were affidavits of defense and documents setting forth the defendants' specific responses to each factual allegation contained in the plaintiffs' complaint.

On March 25, the trial court granted the plaintiffs' motion and denied the defendants' motions. In granting the plaintiffs' motion, the trial court found "that a sanction short of default would not be sufficient to remedy the Defendants' noncompliance" with Superior Court Rule 9 (governing responses to complaints) and the court's January 7, 2021 order. As a result of the default, the court deemed the facts as alleged in the plaintiffs' complaint to be admitted, and based upon those facts, decreed that the plaintiffs own the subject property in fee simple absolute, free and clear of any adverse claims by the defendants or any other person. In denying the defendants' motions, the trial court stated that the counterclaim "did not answer the complaint" and that the court "extended time for an answer," but that the defendants had filed a counterclaim instead.

The next day, March 26, the plaintiffs filed a motion to dismiss the defendants' counterclaim, asserting that the court's final decree collaterally estopped the defendants "from pursuing their counterclaims for quiet title and injunctive relief." The trial court granted this motion, over the defendants' objection.

The defendants subsequently filed a "Motion to Inform," asking the court to "permanently enjoin" the plaintiffs from trespassing on the defendants' property and from "contacting, stalking, or harassing" them. The court denied

---

[1] In granting the plaintiffs' motion, which was filed pursuant to Superior Court Rule 42(b), the trial court erroneously characterized it as a motion requesting default <u>judgment</u>.

2

the motion because of a separate action between the parties pending in the circuit court. The defendants unsuccessfully moved for reconsideration, and this appeal followed.

II. Analysis

On appeal, the defendants first argue that the trial court erred by finding them in default. We will uphold a trial court's default ruling unless the trial court unsustainably exercised its discretion or erred as a matter of law. See Brito v. Ryan, 151 N.H. 635, 637 (2005); State v. Lambert, 147 N.H. 295, 296 (2001).

The defendants assert that they were not in default because their counterclaim, filed on February 25, 2021, "met the criteria of Superior Court Rule 9(a)." They contend that the trial court erred by failing to accept their counterclaim "as an answer" to the plaintiffs' complaint. The plaintiffs counter that "the record clearly demonstrates that the Counterclaim was not, and was not intended to be, an Answer."

Superior Court Rule 9(a) requires that an answer "or other responsive pleading . . . be filed with the court within 30 days" after a person is served with the complaint. Super. Ct. R. 9(a). Rule 9(a) sets forth certain requisites for an answer, including that it must state the defendants' "defenses to each claim asserted" and must "admit or deny the allegations upon which the adverse party relies." Id. Under Rule 9(a), "[t]he pleader may not generally deny all the allegations" but must "make the denials as specific denials of designated allegations or paragraphs." Id. We agree with the plaintiffs that the defendants' counterclaim did not constitute an "answer" within the meaning of Rule 9(a). It neither set forth the defendants' "defenses to each claim asserted," nor admitted or denied all of the allegations upon which the plaintiffs relied. Id. (emphasis added). Moreover, the defendants' denials were not specific denials of designated allegations or paragraphs. Id. Accordingly, we uphold the trial court's determination that the defendants were in default.

The defendants next argue that the trial court erred by denying their motion to strike the default. We will not disturb a decision denying a motion to vacate a default, unless the trial court erred as a matter of law or unsustainably exercised its discretion. See Lakeview Homeowners Assoc. v. Moulton Constr., 141 N.H. 789, 791 (1997).

Superior Court Rule 42 governs default and provides, in pertinent part:

> When a party against whom a Complaint . . . has been filed fails to timely Answer or otherwise defend, the party shall be defaulted. No such default shall be stricken off, except by agreement, or by order of the court upon such terms as justice may require. The

3

court shall strike the default only upon motion and affidavit of defense, specifically setting forth the defense and the facts on which the defense is based.

Super. Ct. R. 42(a). When considering whether a motion to strike a default complies with Rule 42(a), we are mindful that, in this jurisdiction, "pleadings are construed liberally." In the Matter of St. Pierre & Thatcher, 172 N.H. 209, 217 (2019) (quotation omitted); see Whitaker v. L.A. Drew, Inc., 149 N.H. 55, 59 (2003) (noting "our emphasis on justice over procedural technicalities").

Construing their motion to strike and attachments liberally, we conclude that the defendants met the requirements of Rule 42(a). The record on appeal establishes that the defendants filed their motion to strike and two affidavits of defense with a document entitled, "Unified Document Incorporating Factual Allegations From Plaintiffs' Petition to Quiet Title Together with Defendants' Responses." (Capitalization omitted.) In that document, the defendants listed the factual allegations in the plaintiffs' complaint, their contrary view of those allegations, and where in their counterclaim their counter allegations could be found. For instance, in paragraph 10 of the complaint, the plaintiffs alleged that the defendants owned certain real property "as tenants in common." In their "Unified Document," the defendants responded that they own that property as "joint tenants with rights of survivorship." (Bolding omitted.)

Based upon this record, we conclude that the trial court erred as a matter of law by denying the defendants' motion to strike the default entered against them. Therefore, we vacate the trial court's denial of the defendants' motion to strike the default. Because the trial court based its dismissal of the defendants' counterclaim upon its entry of a final decree following default, and because we have vacated the court's denial of the motion to strike the default, we necessarily also vacate the final decree and the court's dismissal of the counterclaim.

Finally, the defendants argue that the trial court erred when it denied their "Motion to Inform." In that motion, the defendants referenced a temporary order of protection against one of the plaintiffs, which had been issued in a circuit court case between the parties. The trial court denied the relief the defendants sought in their "Motion to Inform" because of the pending circuit court matter. As the appealing parties, the defendants have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's margin order denying the defendants' "Motion to Inform," the defendants' challenges to that order, the relevant law, and the record submitted on appeal, we conclude that they have not demonstrated reversible error. See id.

4

III.  Conclusion

In sum, we affirm the trial court's determination that the defendants were in default and its denial of their "Motion to Inform," and vacate the court's denial of their motion to strike the default, its entry of the final decree, and its dismissal of their counterclaim.

<u>Affirmed in part; vacated in part; and remanded</u>.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**